SCHOFFNER, APPELLANT, *v.* SCHOFFNER, APPELLEE.

(No. 2-83-23—Decided July 5, 1984.)

*Osborn & Smith Co., L.P.A.,* and *Thomas L. Smith,* for appellant.

*Henkener & Miller* and *Ronald H. Miller,* for appellee.

COLE, J. This is an appeal from a judgment of the Court of Common Pleas of Auglaize County in an action for divorce. The complaint was filed by the wife, plaintiff-appellant Jessica Schoffner. Thereafter, an answer and counterclaim was filed by the husband, defendant-appellee Gary Schoffner, together with an affidavit contra to plaintiff's motion for temporary support. On April 28, 1982, the court granted plaintiff-appellant temporary custody of the minor child of the parties.

On hearing, the court found both parties had been guilty of gross neglect of duty and that both were entitled to be divorced. The court further ordered, among other things, that custody of the minor child, Jamie Lynn, age nineteen months, be awarded to the father, appellee, and concluded with separate findings of law and facts as per appellant's request.

The appellant now appeals setting forth one assignment of error.

"The trial court erred in granting defendant-appellee custody of the parties' minor child against the manifest weight of the evidence and in not applying Ohio Revised Code Section 3109.04(B) and (C)."

Section 3109.04(B) provides in part that a court shall not modify a "prior custody decree" unless it finds a change in the circumstances of the child and his custodian. Appellant asserts that because no such finding was made that the court erred in ordering a change of custody from appellant to appellee.

The trial court in its judgment entry on objection to findings of fact and conclusions of law and on motion to vacate judgment entry stated:

"The Court cannot accept the argument of plaintiff that 3109.04(B)(1), (2), (3), (C) is the criteria for custody in a divorce hearing when custody to one parent is a temporary order as in this case. The order of custody of April 28, 1982 was issued without hearing on a temporary basis and was not a final order on child custody. 3109.04 does not apply when temporary custody is granted *ex parte* or upon limited infor-

mation before the Court, but is for the final determination of custody or where there is a rehearing on custody of prior final order."

We agree with the lower court's determination and have so held in two similar cases: *Starry* v. *Starry* (May 6, 1980), Paulding App. No. 11-79-11, unreported, and *Helle* v. *Helle* (Feb. 5, 1981), Paulding App. No. 11-80-19, unreported. In the *Helle* case, citing *Starry*, we said:

" 'It is first asserted that the trial court committed error by changing in the *final* judgment the custody granted to the husband by the *temporary* order without finding any of the requirements set up in Ohio Revised Code 3109.04(B). This contention is not to be maintained. Temporary orders are purely preliminary and interlocutory in nature. The journal entry of February 23, 1979 awarding custody to the husband is by its terms temporary in nature. Civil Rule 75(M) clearly grants authority for such an order "during the pendency of the action for divorce * * *." Such an order may issue upon affidavits and without oral hearing. Here there apparently was such a hearing but it is not contained in the transcripts before this court. There is nothing either in the decision of the court or in the order of temporary custody which indicates the judgment of the court was to effect more than temporary custody, and that pursuant to the rule it would endure only during the pendency of the proceedings.

" 'There was therefore no prior custody "decree" to be modified. No decree of custody had been made. Simply an order of temporary custody pendente lite. The provisions of Section 3109.04(B) are only applicable to final decrees awarding custody in the action or subsequent modification of such final decrees.' "

See, also, *Spence* v. *Spence* (1981), 2 Ohio App. 3d 280.

The facts in the present case are virtually identical to the cases cited above. The first custody order appellant refers to likewise was not a custody decree but was merely a temporary, provisional, and interlocutory order during the divorce proceedings. Thus the issue of "change of circumstances" was inapplicable to the case.

The appellant further asserts that the award of custody made by the trial court was against the manifest weight of the evidence. However, the thrust of the argument necessarily is that the trial court in its custody order abused its discretion. In its findings of fact the trial court states in part:

"* * *

"7. That a Domestic Relation Investigation was made, filed with the Clerk, and admitted into evidence.

"8. That a Psychological Evaluation of plaintiff and defendant was made by James W. Seitz, M.A., filed with the Court and admitted into evidence.

"9. That the court considered all relevant factors in determining the best interest of the child, including:

"a. The wishes of the child's parents regarding his custody.

"b. The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest.

"c. The child's adjustment to his home, school, and community.

"d. The mental and physical health of all persons involved in the situation.

"10. That it is in the best interest of Jamie Lynn Schoffner that her care, custody and control be with Gary L. Schoffner.

"* * *"

Based upon this finding there is obviously no abuse of discretion. The underlying assertion then must be that the trial court's finding of fact is not sustained by the evidence.

Reviewing, however, the testimony

and exhibits, there is ample evidence to sustain the findings of fact.

Therefore, the findings of fact are based upon sufficient evidence and the trial court did not abuse its discretion.

The assignment of error is not well-taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.