**In the Matter of Whiting**
*[Cite as 8 AOA 270]*

*Case No. 90-OT-002*
*Ottawa County, (6th)*
*Decided November 2, 1990*

*Steve Robins, for Appellant.*

*Terrance Rudes, for Appelee.*

RESNICK, J.
This is an appeal of a judgment of the Ottawa County Court of Common Pleas which dismissed plaintiff-appellant Joy Whiting's motion for a change of custody of her child, Stephen Shane Whiting.

Stephen S. Whiting was born on August 20, 1985. His natural parents, Joy and Steven, entered into a contractual agreement with Steven's sister and brother-in-law, appellees, Lela and Albert Tettau, in which appellant and her husband gave the Tettaus "physical custody" of Stephen. On October 21, 1985, this agreement was reduced to judgment and filed by the trial court. On February 10, 1986, by consent judgment entry, custody of Stephen was returned to his parents. On March 5, 1986, the Tettaus filed a motion seeking "temporary" custody of Stephen. An affidavit of Lela Tettau stated that Joy had returned physical custody to appellees and consented to an award of legal custody to appellees because appellant could not care for the child at that time. This motion was granted on that same day. Appellant was allowed limited visitation with Stephen.

On July 21, 1987, appellant filed a motion to modify custody. A consent judgment entry, journalized on September 18, 1987, indicates that the parties had come to an agreement whereby they concluded that it would be "in the best interest" of Stephen for custody to remain with the Tettaus. Appellant retained visitation rights and the ability to request a modification of those rights.

Appellant filed motions to modify visitation on November 12, 1987, August 3, 1988, and June 14, 1989, each time seeking to increase her visitation rights. On June 5, 1989, appellees requested a termination of appellant's visitation rights, or, in the alternative, visits limited to one hour per month.

After a hearing was held on appellant's most recent motion to modify visitation, the trial court ordered that appellant could have supervised visitation with her child for a total of three hours per month, consisting of two visits of one and one-half hours each in length. Appellant requested findings of fact and conclusions of law. She also filed a motion for change of custody. On November 28,

1989, the court below adopted the findings of fact and conclusions of law submitted by appellees which reaffirmed the trial court's judgment and denied appellees' request for child support.

Appellees filed a motion to strike the motion for change of custody alleging that it contained "insufficient facts to sustain a motion for change of custody pursuant to ORC 3109.04." They further maintained that the just announced decision as to visitation precluded the raising of the same issues in the motion to modify custody and that the motion was a "sham" pleading pursuant to Civ. R. 11. On January 23, 1990, the trial court granted the motion to strike citing the first ground asserted by appellees as the basis of its decision. Appellant timely appealed. She asserts a single assignment of error:

*"ASSIGNMENT OF ERROR.*
"IN A MOTION TO CHANGE CUSTODY FROM A NON-PARENT TO A PARENT, THE LOWER COURT ERRED IN GRANT- ING THE CUSTODIAN'S 'MOTION TO STRIKE' AND DISMISSING THE MOTHER'S MOTION FOR CUSTODY."

We note at the outset that Stephen's natural father Steven Whiting, is not a party to this appeal nor was he a party to the motions to modify visitation and custody below. While there are allegations that Joy and Stephen were divorced in 1987, there is nothing in the record of this case to indicate the legal status of the relationship between Stephen's natural parents and whether the issue of custody was considered during any legal proceeding between those parents.

Appellant asserts that the trial court erred in dismissing her motion to modify custody without a hearing on the merits. She contends, in essence, that the standard under- lying her motion is not found in R.C. 3109.04 but must be premised on a finding that she is an unsuitable parent as well as the best interest of the child. See *In re Perales* (1977), 52 Ohio St. 2d 89, 98-99. Thus, appellant argues that the trial court could not find that her motion failed to state insufficient facts under R.C. 3109.04 to sustain a motion to modify custody.

In recent years, the number of actions in which a parent and nonparent are engaged in a dispute over the custody of the parent's minor child have increased significantly. Both R.C. 3109.04(A) and R.C. 2151.23 provide that the custody of a minor child may be awarded to a nonparent. However, uncertainty as to the standard to be applied in determining custody and modifications of custody as be- tween a parent and a nonparent has caused trial courts considerable difficulty and pro- duced conflicting results, even within the same jurisdiction. Cf. *e.g., Van Hoose v. Van Hoose* (Apr. 19, 1990), Pike App. No. 433, unreported, and *Manering v. Manering* (May 2, 1989), Jackson App. No. 559, unreported. For this reason, a consideration of the stan- dard applicable to the case before us is neces- sary.

Essentially, in the context of a parent- nonparent custodial dispute, courts have at- tempted to formulate a standard under which the best interest of the child is considered and, in most instances, the suitability or "fitness" of the parent is also a major consid- eration.[1] *Perales, supra; Thrasher v. Thrasher* (1981), 3 Ohio App. 3d 210. Nevertheless, this standard is applied only in situations involv- ing an *original* award of custody. *Massito v. Massito* (1986), 22 Ohio St. 3d 63, 65. Fur- thermore, in such situations, parents can be found to have forfeited their paramount right to the custody of their child through contract, abandonment or a total inability to care for and support the child. *Massito, supra,* at 65- 66. The key in these kinds of cases is ascer- taining whether the parents have merely consented to a *temporary* custody of their minor child by a nonparent or, have, under the specific circumstances, waived their paramount right to custody. *Id.,* at 66. See, also, *In re Carpenter* (1987), 41 Ohio App. 3d 182, 185. This distinction is important in a case where the natural parent has filed a motion to modify custody because of the suitability issue. If there has been an original award of custody or the parent has waived the paramount right to custody, the standard on a motion to modify is that found in R.C. 3109.04(C) and places a greater burden on the parent to prove that modification is warrant- ed. *Massito, supra,* at 65; *Carpenter, supra.* If the award of custody to the nonparent was merely temporary and/or the parent has not waived her paramount right to custody, a parent receives preferential consideration and must be awarded custody absent a finding of unsuitability. *Massito, supra,* at 65; *Carpen- ter, supra,* at 185.

In this case, appellant consented to the original award of custody to appellees and by journal entry entered into a contractual agreement in which appellees were given custody of Stephen. The record discloses that appellant also consented to place Stephen in appellees' custody again in 1987. The custody was judicially awarded with the knowing consent of appellant and was of a long duration. Where a person accepts the custody and care of a minor child by virtue of an agreement with the parents of the child, the support and care may be furnished for such a length of time and under such circumstances as to estop the parents from denying that they have relinquished their paramount right to custody. *Massito, supra,* at 66. (Citations omitted.) Therefore, appellant surrendered her paramount right to preferential consideration as a natural parent. *Massito, supra,* at 66; *Carpenter, supra,* at 185. Thus, on a motion to modify custody appellant must state sufficient facts, which have arisen from the time of the prior custody decree and were unknown at the time of the decree, to show that a change has occurred in the circumstances of the child or his custodian and that a modification is necessary to serve the best interest of the child. R.C. 3109.04(B) (1). See, also, *Stone v. Stone* (1983), 9 Ohio App. 3d 6. Appellant's motion alleges only that there has been a change of circumstances in *her situation* and treats this as an attempt to terminate an award of temporary custody to a nonparent. Appellant's motion did not set forth any colorable claim for relief under R.C. 3109.04(B) (1). Therefore, the trial court did not err in dismissing that motion.

Accordingly, appellant's sole assignment of error is found not well-taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed against appellant.

*Judgment affirmed.*

---

[1] Neither statute, R.C. 3109.04 nor R.C. 2151.23, contains a provision requiring that preferential consideration be given a parent. However, subsequent to *Perales, supra,* which set forth a suitability test in actions brought under R.C. 2151.23, the courts have interpreted *Perales* in such a way as to impose a suitability determination in original awards to nonparents in cases arising under R.C. 3109.04. *Carpenter, supra; Thrasher, supra; Van Hoose, supra.*