OPINION
 "I. The trial court erred because the evidence was insufficient to support the judgment.
 "II. The trial court erred because the judgment was against the manifest weight of the evidence.
 "III. The trial court erred by failing to consider all the statutory factors in awarding custody to a non-parent.
 "IV. The trial court erred by considering other factors which were not relevant to a determination of custody or suitability of a parent.
 "V. The trial court erred by rewarding a party for taking a child without court authorization.
 "VI. The trial court erred by failing to consider an award of temporary custody rather than permanent custody.
 "VII. The trial court erred by considering evidence of domestic violence that involved a non-party (Scott W.) in it's [sic] determination of custody or suitability of a parent."
The following facts are relevant to this appeal. Diedra was born in Texas on May 29, 1992 to appellant and Jerrold R., the son of appellee, Glenda B., and the stepson of appellee, Vince B. Appellant and Jerrold R. lived together for almost three and one-half years after Diedra was born but did not marry. During this time, they lived in Texas, North Carolina and Ohio. During the time they lived in Ohio, appellant, Jerrold R. and Diedra lived with appellees for approximately seven months. Diedra also lived with appellees for an additional five months prior to the spring/summer of 1995.
In the spring/summer of 1995, appellant and Jerrold R. ceased living together. Jerrold R. testified that appellant left in May, leaving Diedra with him. Appellant testified that Jerrold R. left, leaving Diedra with her. Appellant testified that because of her work schedule, she allowed appellees to babysit for Diedra. Since the spring/summer of 1995, Diedra has remained with appellees for almost the entire time.
On May 9, 1997, appellees filed their complaint for custody requesting that they be designated legal custodian of Diedra.[1] Jerrold R. consented to appellees' request. Trial on the complaint was held on January 5 and 6, 1998. Appellees, Jerrold R. and appellant all testified as did her current husband and a daughter from one of her prior marriages.
On January 9, 1998, the magistrate issued his decision granting appellees' request. Appellant filed objections to the magistrate's report on January 23, 1998; appellant did not file a transcript. Appellees filed a memorandum in opposition to the objections as well as a motion to dismiss the objections for failure to provide a transcript in compliance with both the juvenile and the local rules. On June 29, 1998, the trial court adopted the magistrate's decision. This appeal was timely filed.
In her first two assignments of error, appellant contends that the trial court erred in that the evidence was insufficient to support the judgment and that the judgment was against the manifest weight of the evidence. This court finds no merit in either assignment of error.
In an initial child custody dispute in juvenile court initiated pursuant to R.C. 2151.23, the Supreme Court of Ohio has stated that the Court has long recognized that "the welfare of the minor is first to be considered." Reynolds v. Goll (1996),75 Ohio St.3d 121, 123, quoting Clark v. Bayer (1877), 32 Ohio St. 299,310. The Court has also stated that parents who are deemed suitable are considered to have the "paramount" right to custody of their minor children. In re Perales (1977), 52 Ohio St.2d 89,97. However, in balancing the interests of both the parent and child, the right of custody by the biological parents is not absolute and can be forfeited. Thus, "parents may be denied custody only if the preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable — that is, an award of custody would be detrimental to the child." Id. at 98.
The trial court in the case sub judice determined that appellant was unsuitable. It then held that it is in the minor's best interests that she remain with appellees rather than be turned over to her mother.
In this case, the trial court's finding of unsuitability was supported by competent evidence. The trial court heard testimony over the course of a two-day trial. The trial court, after carefully listening to the testimony of the parties and witnesses, is in the best position to judge their credibility. It is an established rule that "in proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important." Trickey v. Trickey (1952),158 Ohio St. 9, 13. As the Supreme Court of Ohio stated in Millerv. Miller (1988), 37 Ohio St.3d 71, 74:
 "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. (Citation omitted.) In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. (Citation omitted.)"
Not only was there evidence to support the finding of unsuitability of appellant, but there was also evidence to support the trial court's decision that it is in the best interests of Diedra to remain with appellees. In determining the best interests of the minor, under R.C. 3109.04(C), the trial court acted within its discretion by awarding custody to appellees. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. (Citations omitted).
Accordingly, appellant's first and second assignments of error are found not well-taken.
As appellant's third, fourth and seventh assignments of error raised related issues, this court will address them together. In her third assignment of error, appellant argues that the trial court erred by failing to consider all statutory factors in awarding custody to a non-parent. In her fourth assignment of error, appellant argues that the trial court erred by considering other factors which were not relevant to a determination of custody or suitability of a parent. In her seventh assignment of error, appellant argues that the trial court, in its determination of custody or suitability of a parent, erred by considering evidence of domestic violence that involved her current husband in a prior marriage. This court finds no merit in these assignments of error.
In her third assignment of error, appellant argues that the trial court erred when, in determining that a parent is unsuitable, it did not consider the factors articulated in R.C.2151.414(E). Appellant cites this court's decision in In theMatter of Sara H. (Dec. 16, 1994), Lucas App. No. L-94-116, unreported, in support of this argument. Appellant's reliance upon this case and the factors cited in R.C. 2151.414(E) is misplaced, however, because that statutory section sets forth the procedures to be used in an action for permanent custody of a child by a public children services agency or private child placing agency with temporary custody. In the Matter of Sara H.
(Dec. 16, 1994), Lucas App. No. L-94-116, unreported, involved the grant of permanent custody to a children services agency.
Also in her third assignment of error, appellant argues that the trial court erred when it did not order any medical, psychological or psychiatric investigations/examinations pursuant to R.C. 3109.04. This court finds no merit in this argument.
R.C. 3109.04(C) provides, in part, that a trial court "may" order parents and their minor children to submit to medical, psychological or psychiatric examinations. The statute's use of the word "may" indicates that such an order is discretionary, not mandatory. Dorrian v. Scioto Conserv. Dist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus.
In part of her third assignment of error and in her fourth assignment of error, appellant argues that the trial court erred when it did not discuss all relevant factors in R.C.3109.04(F) in its decision, citing this court's decision inErskine v. Erskine (Mar. 23, 1990), Lucas App. No. L-89-033, unreported. This court finds no merit in this argument.
When there is evidence before the trial court on the R.C. 3109.04(F) factors, this court has previously held that we will not hold that the trial court did not consider all the factors merely because it did not discuss each and every factor in its decision. Whiteman v. Whiteman (Jan. 27, 1995), Wood App. No. WD-94-86, unreported.
In her seventh assignment of error, appellant argues that the trial court erred when it considered evidence concerning domestic violence of her current husband in a prior marriage. This court finds no merit in this argument.
R.C. 3109.04(F)(e) provides that the trial court consider the "mental * * * health of all persons involved in the situation * * *." (Emphasis added.) Because appellant's current husband would be a person "involved in the situation," it would be appropriate for the trial court to consider evidence of any prior acts of domestic violence.
Accordingly, appellant's third, fourth and seventh assignments of error are found not well-taken.
In her fifth assignment of error, appellant argues that the trial court erred by "rewarding a party for taking a child without court authorization." This court finds no merit in this assignment of error.
Appellant admits that there was no prior custody order as to Diedra. However, she argues that the trial court sanctioned an inappropriate taking. It is clear that appellant engaged in similar behavior when she arranged to take Diedra for an overnight visit with full intentions not to return her. The trial court noted both instances of taking Diedra in its findings of facts. This court finds that the trial court did not reward appellees for taking Diedra but awarded custody pursuant to the statutory guidelines.
Accordingly, appellant's fifth assignment of error is found not well-taken.
In her sixth assignment of error, appellant argues that the trial court erred by failing to consider an award of temporary custody, arguing that her parental rights have been permanently terminated. Appellant further argues that the award of permanent custody to appellees denies her of "the opportunity of proving herself and to correct the condition that the court deems unsuitable." This court finds no merit in this assignment of error.
When the trial court awarded custody of Diedra to appellees, it also set a hearing on child support and visitation. The trial court applied the statutory guidelines in its award of custody and pursuant to R.C. 3109.04 has continuing jurisdiction. See In re Whiting (1990), 70 Ohio App.3d 183. The trial court did not permanently terminate appellant's parental rights.
Accordingly, appellant's sixth assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.
[1] Although paternity was established on January 30, 1996, no order of custody was ever issued.