DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Anthony J. Comstock, has appealed from the denial of his motion to modify custody by the Lorain County Court of Common Pleas, Domestic Relations Division. We affirm.
On February 12, 1992, Anthony and Catherine M. Comstock were married. The parties separated after one month of marriage and Catherine moved in with Appellee, Thomas A. Yeager. Jasmine Desiree Comstock was born on November 19, 1992. On October 23, 1993, Anthony and Catherine were divorced and Catherine was granted custody of Jasmine.[1] On July 22, 1996, after Catherine abandoned the child, a hearing was held and Anthony was granted emergency temporary custody with the agreement that Jasmine would continue to reside with Thomas, her stepfather. On September 26, 1996, Thomas was granted emergency temporary custody of Jasmine. On October 8, 1996, a hearing was held and Thomas was granted temporary custody. On May 29, 1997, pursuant to an agreement between Anthony, Thomas, and Catherine, custody was granted to Thomas with Anthony having reasonable visitation. On October 16, 1998, Anthony moved to modify custody. On March 19, 1999, the motion was denied. Anthony timely appealed and has raised five assignments of error for review. For ease of disposition, they will be considered concurrently.
ASSIGNMENT OF ERROR I
 Whether the trial court committed reversible error in concluding that [Anthony] contractually relinquished custody of his daughter.
ASSIGNMENT OF ERROR II
 Whether the trial court committed reversible error in concluding that there was an award of original custody of the minor child to [Thomas] and therefore the standard to be applied to a parent's motion to modify custody is that found in O.R.C. 3109.04(B), placing the burden on that parent to prove that the modification is warranted.
ASSIGNMENT OF ERROR III
 Whether the trial court committed reversible error in determining that the change[s] in circumstances argued by [Anthony] at trial were not considered by the trial court to be significant.
ASSIGNMENT OF ERROR IV
 Whether the trial court committed reversible error in concluding that in a custody dispute between a parent and non-relative, no preferential consideration for the natural parent is warranted.
ASSIGNMENT OF ERROR V
 Whether the trial court committed reversible error when it determined that the child's best interests are served by awarding custody to a nonparent.
Anthony has argued that the trial court erred by (1) applying the incorrect standard of review for modification of custody, (2) failing to give preferential consideration for custody to a parent, (3) concluding that Anthony contractually relinquished custody of his daughter, (4) determining that the changes in circumstances were not substantial, and (5) determining that the child's best interests would be served by remaining with Thomas. We disagree.
"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important." Trickey v. Trickey (1952), 158 Ohio St. 9, 13. InMiller v. Miller (1988), 37 Ohio St.3d 71, 74, the Supreme Court of Ohio stated:
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. * * * In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.
 (citations omitted.) We will therefore review the trial court's order under an abuse of discretion standard.
Both R.C. 3109.04 and R.C. 2151.23 provide for custody of a child to be awarded to a nonparent. In custody proceedings between a parent and a nonparent, custody may not be awarded to the nonparent without first determining that the parent is unsuitable. In re Perales (1977), 52 Ohio St.2d 89, syllabus. The court shows unsuitability by concluding "that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id. However, the determination of unsuitability need only be made prior to the original award of custody. In re Whiting (1990), 70 Ohio App.3d 183,186, citing Masitto v. Masitto (1986), 22 Ohio St.3d 63, 65. In fact, once an original award of custody is made, such an award will not be modified unless it is "necessary to serve the best interests of the child." Masitto, supra, quoting former R.C.3109.04(B).
Pursuant to an agreement between Anthony, Thomas, and Catherine, custody of Jasmine was given to Thomas. This agreement was then incorporated into the court's order which reads as follows:
 The court further finds that Anthony J. Comstock, the natural father of Jasmine has made an appearance herein personally and through his attorney, * * * and that said Anthony J. Comstock is within the jurisdiction of this court, and that he has consented and agreed that Third Party Plaintiff Thomas A. Yeager be awarded custody of his natural daughter, Jasmine Desiree Comstock, DOB: 11/19/92, and that there has been bonding with Jasmine and the Yeager family and that Jasmine
has been integrated into the Yeager family unit.
(emphasis sic.) Based upon the forgoing information, the court could have reasonably found that when custody was originally granted to Thomas, Anthony contractually relinquished custody of Jasmine. As the court had previously made a finding of unsuitability based upon Anthony's actions, it was only required to consider the best interests of the child when ruling upon the motion for modification. See In re Whiting,70 Ohio App.3d at 186-187. Therefore, the trial court applied the correct standard when evaluating the motion to modify custody and did not abuse its discretion in applying R.C. 3109.04.
Under the standard set forth in R.C. 3109.04(E)(1)(a), the court shall not modify a custody arrangement unless it finds (1) that a change of circumstances has occurred with respect to either the child or the party who has custody of the child, and (2) that the modification is in the best interests of the child. Anthony was unable to meet these criteria and thus the court did not abuse its discretion in denying the motion for modification.
The trial court found that there was no change in the circumstances of either Thomas or Jasmine. In fact, Anthony has consistently argued that the change of circumstances warranting a modification in custody involves him, his new wife, and the improvement of his living conditions. Anthony has not indicated a single change in the circumstances of Thomas or Jasmine which would warrant modification of the custody arrangement. Therefore, the court did not abuse its discretion in finding that there was not a change in circumstances sufficient to grant Anthony's motion.
Additionally, the court found that it was in Jasmine's best interests to remain with Thomas. She had been with Thomas since birth and referred to him as "Daddy" while she referred to Anthony only as "Tony" or "Uncle Tony." Jasmine's teachers testified that there is a strong bond between Thomas and the child and stated that it would be extremely difficult for her to be removed from Thomas's custody. Additionally, these individuals testified that it would not be in the best interests of the child to remove her from Thomas's care. While Anthony presented the testimony of a priest who indicated that Anthony's current lifestyle would serve the best interests of any child, Anthony has failed to point out how the court abused its discretion in finding that it was in Jasmine's best interests to remain with Thomas. As the trial court had the opportunity to observe the witnesses and weigh the evidence, this court will not second-guess the court's decision.
Anthony's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT
BAIRD, P.J., CARR, J., CONCUR
[1] Thomas and Catherine were married shortly after Catherine's divorce from Anthony was final. Jasmine has lived with Thomas since birth.