OPINION
Appellant, Barbara Kenney Gibbs, appeals the decision of the Warren County Common Pleas Court, Domestic Relations Division, granting custody of her grandson, Collin, to appellee, Victoria R. Katz. For the reasons that follow, we reverse the decision of the trial court.
James Kenney and Victoria Katz were married and had one child together, Collin. They were divorced in 1997. While the divorce was pending, the trial court placed Collin in the temporary custody of his paternal grandmother, Barbara Gibbs. In its final custody decision, the trial court determined that both parties were unsuitable parents. The trial court awarded custody of Collin to Gibbs pursuant to R.C 3109.04, finding that it was in Collin's best interest that Gibbs be named his residential parent and legal custodian. Collin has resided with Gibbs ever since.
In November 1999, Katz filed a motion requesting that she be designated Collin's residential parent. Her motion for change of custody alleged that there had been a significant change of circumstances in her life: she had remarried, maintained a stable residence and employment, and was pursuing a college degree. A magistrate heard the matter and denied the motion. The magistrate found that Katz had failed to show that a change of circumstances had occurred with respect to the child or Gibbs, his residential parent, as required by R.C. 3109.04, prior to modifying a prior custody decision.
Katz objected to the magistrate's decision. The trial court sustained the objections and reversed the decision of the magistrate. The trial court found that the original custody award made in the divorce was only temporary, and that Katz was not required to demonstrate a change of circumstances before her motion could be granted. Instead, the trial court found that there was a presumption in favor of granting custody to a suitable parent. Applying the best interest standard, the trial court granted Katz's motion and awarded custody of Collin to her. Gibbs has appealed the decision of the trial court and raises two assignments of error for review.
Assignment of Error No. I:
 THE TRIAL COURT ERRED IN MODIFYING THE 1997 CUSTODY ORDER BECAUSE IT DID NOT HAVE JURISDICTION ABSENT A SHOWING OF CHANGED CIRCUMSTANCES OF THE CHILD OR THE RESIDENTIAL PARENT.
Assignment of Error No. II:
 THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING ITS PRIOR DECREE TO GIVE CUSTODY TO VICTORIA.
In her first assignment of error, Gibbs argues that the trial court erred by modifying its prior custody order without first finding a change of circumstances with regard to Collin or Gibbs. Gibbs maintains that the trial court did not have jurisdiction to alter the custody of Collin without finding a change of circumstances. We agree.
The Supreme Court of Ohio, as early as 1855, recognized that custody determinations "should be made with a single reference to [the child's] best interests." Gishwiler v. Dodez (1855), 4 Ohio St. 615, 517. It later recognized, as well, that a "suitable" parent's right to the custody of his or her child "is paramount to that of all other persons" when deciding a dispute between a parent and a nonparent. Clark v.Bayer (1877), 32 Ohio St. 299, paragraph one of the syllabus. Notwithstanding the child's best interest as addressed in Gishwiler, theClark court appreciated a natural parent's common law right to raise and care for his or her own child. Clark at 310-313.
Prior to 1974, statutory law was in accord. Former R.C. 3109.04
mandated that, upon a finding that neither parent was suitable to have custody, a court could grant custody of a minor child to another relative. However, the General Assembly amended R.C. 3109.04 in 1974 to exclude consideration of a parent's suitability. The current statute states in pertinent part at R.C. 3109.04(D)(2):
 If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child[.]
 This statutory provision does not require that the court first find that the parents are unsuitable before placing custody with a nonparent relative. Rather, the custody decision is made solely upon consideration of the child's best interest. While there is a presumption that it is in the best interest of the child that custody be granted to a suitable or fit parent, this presumption can be overcome without a finding of parental unsuitability. See, e.g., Masitto v. Masitto
(1986), 22 Ohio St.3d 63; Boyer v. Boyer (1976), 46 Ohio St.2d 83.
Construing the present version of R.C. 3109.04(D)(2), the Ohio Supreme Court stated:
 In determining who shall have the care, custody, and control of a child under 18 years of age, even though the child's parents are not found to be unfit or unsuitable, the court may commit the child to a relative of the child where the court finds that custody to neither parent is in the best interest of the child.
Boyer, at paragraph one of the syllabus. The court concluded that the statute grants to children "the right to be placed with the relative whose custodianship would be in the child's best interest," and that this right is paramount to the parental rights of suitable parents. Id. at 86.
The court is not required to first find a parent unsuitable under R.C.3109.04 because an award of custody to a nonparent under this section does not extinguish all parental rights. The custody decision is subject to the continuing jurisdiction of the court and is not "permanent" custody as defined by R.C. 2151.011(B)(12). Unlike a permanent custody proceeding under the juvenile code, a custody award to a nonparent relative arising out of a domestic proceeding leaves in tact residual parental rights, responsibilities and privileges. In re Perales v.Perales (1977), 52 Ohio St.2d 89, 101.
Domestic courts proceeding under R.C. 3109.04 and juvenile courts proceeding under R.C. 2151.23 must both comply with the mandates of R.C.3109.04 when modifying a prior custody decision. R.C. 3109.04(E)(1)(a); R.C. 2151.23(F)(1). If an original award of custody has been made, the party seeking modification must show that it is warranted by a change of circumstance. Masitto, 22 Ohio St.3d at 65; In re Whiting (1990),70 Ohio App.3d 183, 186-187.
R.C. 3109.04(E)(1)(a) states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * *, and that the modification is necessary to serve the best interest of the child.
Pursuant to this provision, the court cannot order a modification without evidence that a change in circumstances has occurred and that the child's best interest is served by the modification. The change in circumstances requirement fosters continuity and stability in the child's life. Jacobs v. Jacobs (1995), 102 Ohio App.3d 568, 576. It also serves the court's interest by discouraging relitigation of the same issues.Perz v. Perz (1993), 85 Ohio App.3d 374, 376.
Unless modification is sought from a shared parenting order, the change in circumstances relates to the circumstances of the child or the residential parent. Clyborn v. Clyborn (1994), 93 Ohio App.3d 192, 195. In deciding whether the change in circumstances exists, the statute requires the court to weigh the harm against the advantages that would likely result from the change. See R.C. 3109.04(E)(1). Implicit in this balancing test is the recognition that disruption in a child's regular residence and care is harmful; to balance that harm, a court must be able to justify the risk in part through the change-in-circumstances requirement.
While a divorce is pending, Civ.R. 75(N) permits a domestic relations court to enter temporary orders for the care and support of children. However, when the trial court enters a final custody decision in the case, the temporary custody order is superceded. See, e.g., Secondcostv. Secondcost (Feb. 6, 1998), Fulton App. No. F-97-001, unreported. The trial court's final custody decision is not a legal change or modification of custody, but rather constitutes an initial allocation of parental rights and responsibilities. See R.C. 3109.04. Thus, no change of circumstances is required to modify the residential parent designated in a temporary order. Instead, the custody decision is based on the child's best interest. R.C. 3109.04.
In this case, the trial court characterized its original custody decision in the parties' divorce decree as a temporary order. Indeed, the trial court's "decision" filed in the divorce case does express hope that Collin's parents will mature and improve their parenting skills so that Collin "can be restored to one of them." However, the trial court lamented that it did not believe that either parent could care for Collin prior to his entry into the first grade and designated Gibbs as Collin's residential parent. Apparently, on the basis of these observations, the trial court concluded that it was not required to find a change of circumstances before modifying custody.
However, a review of the trial court's judgment entry and decree of divorce does not support the trial court's characterization. The entry provides, in pertinent part, "that Barbara Kenney [Gibbs] * * * is hereby awarded the parental rights and responsibilities for the care of the minor child and she shall be residential parent and legal custodian of [Collin]." A trial court speaks only through properly journalized judgment entries and not through the judge's written opinions or comments from the bench. Brackman Communications, Inc. v. Ritter (1987),38 Ohio App.3d 107, 109. "If the journal entry and the judge's opinion conflict, the journal entry controls." Economy Fire Cas. Co. v. CraftGeneral Contr., Inc. (1982), 7 Ohio App.3d 335, 337. The judgment entry and decree of divorce unambiguously makes an original custody award of Collin to Gibbs and designates her as the residential parent. Therefore, the trial court cannot modify its original custody decision without finding a change of circumstances with regard to Collin or Gibbs, whether proceeding under the domestic relations code or the juvenile code. The trial court's recent decision forthrightly notes that no such change is present. While the changes Katz made to her life are certainly laudable, the trial court was without authority under these circumstances alone to grant custody of Collin to Katz and designate her as his residential parent. Accordingly, Gibbs' first assignment of error is sustained.
Since we conclude that the trial court erred by modifying its original custody order without finding a change in circumstances, Gibbs' second assignment of error is rendered moot.
The judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings according to law and consistent with this opinion.
YOUNG, P.J., concurs.
WALSH, J., concurs separately.