In re TERMINATION OF GUARDIANSHIP OF HENDRICKSON.

[Cite as In re Termination of Guardianship of Hendrickson,
152 Ohio App.3d 116, 2003-Ohio-1220.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 02–BE–48.

Decided March 10, 2003.

Cassidy, Myers, Cogan, Vogelin & Tennant, L.C., and J. Kevin Flanagan, for appellant Robert D. Kelly.

Hoffman Law Office and Grace L. Hoffman, for appellee Nicole M. Kelly.

WAITE, Presiding Judge.

{¶ 1} This appeal arises from an order terminating the guardianship of minor child Chase Ryan Hendrickson. There is evidence in the record showing good cause for terminating the guardianship pursuant to R.C. 2111.46, and the judgment of the Belmont County Court of Common Pleas, Probate Division, is affirmed.

{¶ 2} On February 6, 2002, Nicole M. Kelly ("appellee") filed a motion to terminate the guardianship of her daughter, Chase Ryan Hendrickson, d.o.b. February 7, 1999. Appellee's father, Robert D. Kelly ("appellant"), had been appointed as Chase's guardian in October 1999 after appellee had been arrested for drug trafficking.

{¶ 3} The court held a hearing on the motion to terminate the guardianship on August 9, 2002. Many people testified at the hearing, including appellee, appellant, appellee's mother, stepmother, other relatives, friends and coworkers.

{¶ 4} Both parties filed bench memoranda with the probate court, explaining their views about the legal standards to be applied. Appellee argued that R.C.

2111.46 governs the removal of guardians and that the statute applies a "good cause" standard. R.C. 2111.46 reads:

{¶ 5} "When a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue until the ward arrives at the age of majority, *unless removed for good cause* or unless such ward selects another suitable guardian." (Emphasis added.)

{¶ 6} Appellant argued that the court should apply the "best interest of the child" standard set forth in R.C. 3109.04 relating to change-of-custody proceedings.

{¶ 7} The probate court rendered its decision on August 30, 2002. The court held that the overall standard to be applied was whether there was good cause to terminate the guardianship. The court also held that the "best interest of the child" standard would apply only if the original guardianship was intended to be a permanent change of custody at the time the guardianship was established. The court made a factual determination that the original guardianship was not intended to be permanent, but, rather, was meant to continue only until appellee resolved issues arising out of the criminal proceedings pending against her in 1999. The court found that the criminal proceedings had been completed, that appellee had a stable job and resolved her drug and alcohol problems, and that she presented a reasonable plan for integrating Chase back into her life. The court ordered the guardianship to be terminated.

{¶ 8} Appellant filed this timely appeal on September 13, 2002.

{¶ 9} Appellant's sole assignment of error asserts:

{¶ 10} "The court erred in finding good cause to terminate the guardianship, a minor."

{¶ 11} Appellant agrees with appellee that a guardianship can be terminated for good cause pursuant to R.C. 2111.46. The parties also agree that "good cause" is not defined in the statute. The parties are correct that it is within the sound discretion of the trial court to determine whether good cause exists to terminate a guardianship. See *In re Kinney* (June 7, 2001), 7th Dist. No. 99–BA–52, 2001 WL 641513.

{¶ 12} " 'An abuse of discretion involves far more than a difference in * * * opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance thereof, not the exercise of reason but rather of passion or bias.' " *Huffman v.*

*Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248, quoting *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 473 N.E.2d 264.

{¶ 13} Appellant insists that the "best interest of the child" test, as specifically enacted in R.C. 3109.04, constitutes part of the analysis in determining whether good cause exists to terminate the guardianship of a minor child. R.C. 3109.04 is part of the domestic relations statute but by its own terms applies to "any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child * * *." R.C. 3109.04(A). Appellant's argument is not persuasive as applied to the facts of this case.

{¶ 14} One of the cases appellant cites in apparent support of his argument actually presents a compelling analysis ₒto reject this argument. In *In re Guardianship of Sanders* (1997), 118 Ohio App.3d 606, 693 N.E.2d 1101, the mother of a minor child filed a motion to terminate the guardianship of her child because the guardian had denied visitation on a few occasions. The trial court found that the guardianship was originally intended to be permanent, that sporadic denial of visitation was not sufficient reason to transfer permanent custody to the mother, and that it was in the best interests of the child for the guardian to retain permanent custody.

{¶ 15} The Second District Court of Appeals affirmed the decision, holding that the best-interest-of-the-child test was appropriately applied because the case involved a change of permanent custody. Id. at 615, 693 N.E.2d 1101. The appellate court held that the "good cause" standard for removing a guardian set forth in R.C. 2111.46 encompasses the "best interest of the child" standard described in R.C. 3109.04 when the guardianship effects a permanent transfer of custody. Id. at 618, 693 N.E.2d 1101. The appellate court also held that whether a guardianship was meant to effect a permanent change of custody was primarily a factual question for the trier of fact to resolve. Id. at 613, 693 N.E.2d 1101. The appellate court found no abuse of discretion in the trial court's finding that the guardianship was meant to be a permanent change of custody and that it would not be in the child's best interest to terminate the guardianship. Id. at 618, 693 N.E.2d 1101.

{¶ 16} In the case now under review, the trial court made a factual determination that the guardianship was meant to be temporary. A reviewing court will usually defer to the findings of the trier of fact if there is competent, credible evidence supporting those findings. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. The record confirms that the guardianship was meant to last only until appellee resolved issues

involving drug abuse, alcohol abuse, and the criminal proceedings against her. Therefore, using the logic of the *Sanders* case, the temporary guardianship could be terminated for "good cause" without applying the more stringent "best interest of the child" test.

{¶ 17} Other case law supports the conclusion that the "best interest of the child" standard should not be applied in proceedings to terminate a guardianship when the guardianship was originally intended to be temporary. *In re Guardianship of Joles* (June 30, 2000), 11th Dist. No. 99–L–087, 2000 WL 895586; *In re Spriggs* (Apr. 24, 1990), 4th Dist. No. 89–CA–1803, 1990 WL 54871; *In re Custody of Carpenter* (1987), 41 Ohio App.3d 182, 534 N.E.2d 1216.

{¶ 18} Appellant next argues that the record does not support a finding of good cause to terminate the guardianship, even without applying the best-interest-of-the-child standard. Appellant contends that appellee merely wanted better visitation privileges and that modifying a visitation schedule is not an adequate reason to terminate a guardianship, citing *Sanders,* supra. *Sanders* does not stand for the principle that appellant is espousing. *Sanders* actually held that the removal of a guardian is not the sole remedy where the guardian interferes with or completely prevents court-ordered visitation. *Sanders,* 118 Ohio App.3d at 612, 693 N.E.2d 1101. *Sanders* also held that the probate court did not abuse its discretion in overruling a motion to terminate a permanent guardianship that arose over a visitation dispute when the visitation issue was successfully resolved by other means. Id. We cannot speculate whether the appellate court would have also found that the probate court did not abuse its discretion had that court decided to terminate the guardianship.

{¶ 19} Appellant contends that appellee had little or no contact with Chase and failed to provide financial support for Chase and that she had a history of drug abuse and trafficking. Appellant submits that these are compelling reasons for continuing the guardianship. In essence, appellant maintains that the probate court's decision is against the manifest weight of the evidence. In both civil and criminal cases, the weight to be given the evidence and determinations regarding credibility of witnesses are primarily for the trier of fact. *Robbins v. Bennett* (1997), 122 Ohio App.3d 763, 766, 702 N.E.2d 968. In a civil case, "[j]udgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 20} Although there is some evidence in the record supporting appellant's contentions, the probate court chose to rely on other evidence in making its decision.

{¶ 21} Appellant fails to realize that the "good cause" standard is a flexible standard that must involve consideration of the original reasons for creating the guardianship. The trial court concluded that the guardianship was created so that Chase could be cared for until appellee resolved problems arising from drug abuse and trafficking. Thus, in the matter before us, good cause to terminate the guardianship existed once the problems that engendered the guardianship had been resolved.

{¶ 22} The trial court chose to rely on the considerable evidence of record that appellee no longer had a drug-abuse problem, that no criminal proceedings were pending, that she had steady employment, and that she was able to care for Chase. Because the record reflects some competent, credible evidence supporting the trial court decision, it is not against the manifest weight of the evidence. Appellant's assignment of error is overruled, and the probate court decision is hereby affirmed in full.

Judgment affirmed.

GENE DONOFRIO and VUKOVICH, JJ., concur.