MOHRMAN, APPELLEE, *v.* MOHRMAN, APPELLANT.

(No. S-88-19—Decided April 14, 1989.)

*Nancy Scranton,* for appellee.
*Jude T. Aubry,* for appellant.

*Per Curiam.* This matter is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas.

Plaintiff-appellee, Gary L. Mohrman, was granted a divorce from defendant-appellant, Rebecca A. Mohrman, on June 2, 1988. The parties were married in 1973 and had one child, Cory Lee Mohrman, born December 20, 1977.

In essence, the only contested issue between the parties was the custody of Cory. A hearing on the matter was held March 28, 1988. In a decision and judgment entry dated June 1, 1988, custody of Cory was awarded to appellee. Appellant took this appeal, assigning one error:

"The trial court erred as a matter of law and abused its discretion by awarding custody of the minor child of the parties on the basis of the sexual preference of the appellant."

In her sole assignment of error, appellant contends that it was error and an abuse of discretion for the trial court to have determined custody on the basis of appellant's sexual preference. Appellant asserts that the trial court's decision was based solely on appellant's lesbian relationship with her Alcoholics Anonymous sponsor, Rebecca Hathaway.

In making an initial award of custody, the trial court is bound to consider the best interests of the child. For the most part, this is a narrow scope of inquiry. See, *e.g., Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83, 87, 75 O.O. 2d 156, 158, 346 N.E. 2d 286, 288-289, and *Thrasher* v. *Thrasher* (1981), 3 Ohio App. 3d 210, 213, 3 OBR 240, 242, 444 N.E. 2d 431, 434. Such "best interests" are to be determined, in part, in accordance with the five-factor test set forth in R.C. 3109.04(C). The statute provides that, in addition to the enumerated concerns, the court should "* * * consider *all* relevant factors * * *." (Emphasis added.)

Appellant contends that by stating that the lesbian affair was the "major issue," the trial court revealed that it had not considered the statutory factors set forth in R.C. 3109.04(C). Appellant argues that the award was an abuse of discretion and that there was no evidence presented on what effect, if any, the relationship would have on Cory. In essence, appellant contends that the custody award is contrary to law and unconstitutional.

Many of the cases cited by appellant in support of her argument involve a change of custody rather than an initial award. In such cases, modification may be ordered if any harm caused by the change is outweighed by the advantages of such change. See R.C. 3109.04 (B)(1)(c). In *Kraus* v. *Kraus* (1983), 10 Ohio App. 3d 63, 10 OBR 73, 460 N.E. 2d 680, the court stated that in change-of-custody cases with non-marital cohabitation, the court should look for an *adverse impact* on the child with respect to his physical, mental, emotional or moral development. However, this is *not* a change-of-custody case; therefore, although the trial court was required to consider the *effect* appellant's lesbian relationship had on Cory as it related to his best interests, we hold that the court was not required to find that the relationship had an "adverse impact" in order to award custody to appellee.

Pointing particularly to the ab-

sence of expert testimony, appellant asserts that there was insufficient evidence presented on what effect, if any, the lesbian relationship would have on Cory. As previously stated, we find that any "effect," while an important factor, was just one element to be considered in determining Cory's best interests. R.C. 3109.04 does not *require* that professional testimony be presented in custody cases where the best interests of the child are at issue:

"In the absence of any statutory requirement for such testimony, the trial court is free to consider the facts which it deems to be relevant and to make those findings which in its sound discretion appear to be reasonable and in the best interest of the child." *Stone* v. *Stone* (1983), 9 Ohio App. 3d 6, 11, 9 OBR 6, 12, 457 N.E. 2d 919, 925.

It is well-established that, as a reviewing court, we must base our decision on the record before us. Accordingly, we find that there were factors other than appellant's lesbian relationship that influenced the trial court's decision, *e.g.,* appellant's alcoholism, her absences from home, and Cory's relationship with appellee. In its announcement from the bench and its judgment entry, the court accorded appellant broad visitation privileges. Accordingly, it is difficult to conclude that *if* the custody award was based solely on the trial court's disapproval of appellant's relationship, such liberal opportunity for association with Cory would have been granted appellant.

On the whole, we find that the decision of the trial court was supported by the testimony and that its discretion was not abused. The evidence indicates that the laws of Ohio were properly applied; therefore, the trial court did not err in awarding custody to appellee. For the aforestated reasons, appellant's sole assignment of error is not well-taken.

Upon consideration whereof, this court finds substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and GLASSER, JJ., concur.

ABOOD, J., concurs separately.

ABOOD, J., concurring. Appellant, in her arguments in support of her assignment of error, presumes that the sole basis for the custody award by the trial court was her sexual preference as demonstrated by her lesbian encounter with another woman. This presumption is based on the judge's statements from the bench that "* * * the major issue that the court has to consider is the effect of the relationship which the Defendant had with Mrs. Hathaway, as it will affect the child." If this was the sole basis for the custody award, then it would, as appellant argues, be contrary to law.

The evidence presented and other statements by the trial court, however, do not support that presumption. First, the record shows that there were many other aspects of appellant's relationship with Mrs. Hathaway that were before the court that would necessarily have an effect on the child, such as the extent to which that relationship caused appellant's attention to be diverted from her family for extended periods of time.

Second, the trial court stated in open court that it was "* * * going to have to use its own feelings on the matter upon a consideration of all the testimony which has been brought before the court." The record shows extensive testimony concerning appellant's

36

problems with alcoholism and her inability to carry out her responsibilities as a parent.

When considering all of the evidence that was before the trial court and the court's statements from the bench, it is not reasonable to conclude that the sole basis for the trial court's award of custody to the appellee was the sexual preference of the appellant.

Upon consideration of the record herein, it is clear that there was ample evidence to support the trial court's findings and it did not abuse its discretion in awarding custody of the minor child to the appellee.