OPINION
Plaintiff-appellant, Jennifer Holbrook (fka Smith), appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting custody of her daughter to defendant-appellee, Jeffrey Smith. We affirm the decision of the trial court.
Appellant and appellee were married on June 7, 1993. One child was born as issue of the parties' relationship, namely Savannah, born October 3, 1991. Appellant and appellee were divorced on August 22, 1994. The divorce decree named appellant as the residential parent and legal custodian of Savannah and granted visitation rights to appellee. On April 30, 1997, appellee filed a motion to modify custody, requesting that he be granted custody of Savannah.
On July 27, 1997, the parties appeared before a magistrate to determine if a change of circumstances had occurred as required under R.C. 3109.04. In his August 29, 1997 decision, the magistrate found that a change of circumstances had occurred. Neither party filed objections to the magistrate's decision.
On August 4 and 5, 1999, the parties appeared before the trial court to determine if Savannah's best interest would be served by changing custody to appellee. In an October 28, 1999 judgment entry, the trial court transferred custody from appellant to appellee, and granted appellant certain visitation rights. Appellant then filed this appeal raising two assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY APPLYING THE REQUIREMENTS OF RC [SIC] 3109.04 (E)(1)(a) IN DETERMINING THAT A CHANGE OF CIRCUMSTANCES OCCURRED WARRANTING A MODIFICATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
In this assignment of error, appellant argues that the magistrate erred in finding that a change of circumstances had occurred. The trial court may only modify parental rights and responsibilities if it finds that: (1) there has been a change of circumstances, (2) modification is in the best interest of the child, and (3) any harm likely to result from a change of environment is outweighed by the advantages of the change. R.C.3109.04(E)(1)(a).
The sole purpose of the July 27, 1997 hearing before the magistrate was to determine if a change of circumstances had occurred. In his decision, the magistrate listed numerous factual findings in support of the requisite statutory factors and concluded as follows: "Based upon the totality of the circumstances, the Court finds that there has been a change of circumstances of the child and the residential parent, pursuant to O.R.C. 3109.04(E)." No objections to the magistrate's decision were filed by either party, and the decision was adopted by the trial court.
Civ.R. 53(E)(3) states that "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Civ.R. 53(E)(3)(a). The rule specifically provides that a party "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b).
Since appellant failed to object to the magistrate's decision, she is now barred from challenging the court's adoption of the magistrate's findings. See Stafinsky v. Stafinsky (1996),116 Ohio App.3d 781, 784-85; Moraine v. Steger Motors, Inc.
(1996), 111 Ohio App.3d 265, 268. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY REALLOCATING THE PARENTAL RIGHTS AND RESPONSIBILITIES OF THE CHILD TO FATHER WITHOUT PROPER CONSIDERATION OF ALL THE FACTORS SET FORTH IN RC 3109.04(E)(1)(A) [SIC] and (F)(1).
In this assignment of error, appellant asserts that the trial court abused its discretion in determining Savannah's best interest because the court's decision was based on a judgmental attitude toward appellant's morals and lifestyle choices.
The trial court has broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, 416-17. The trial court's judgment will not be reversed on appeal absent an abuse of discretion. Id. at paragraph one of the syllabus. "Abuse of discretion" implies an attitude which is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. The appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence and to make decisions concerning custody. Miller v. Miller (1988),37 Ohio St.3d 71, 74.
Appellant argues that the trial court erred by applying a "reproval of the mother" test rather than the best interest of the child test as required by statute. Appellant's argument is based upon Rowe v. Franklin (1995), 105 Ohio App.3d 176, discretionary appeal not allowed (1995), 74 Ohio St.3d 1464. In Rowe, the First District Court of Appeals found that the trial court had abused its discretion by removing a child from a mother's custody based solely upon the fact that the mother had become pregnant by a man who was already married. The court held that the trial court's attempt to judge which parent had made "correct" lifestyle choices was impermissible. Id. at 179. Appellant asserts that the trial court made the same error in this case.
It appears that appellant has misinterpreted the clear holding in Rowe. In Rowe, the court expressly adopted the "direct adverse impact" test which "allows the court to consider moral principles, but only in relation to the direct or probable effect of the parent's conduct on the child." Id. at 180. As this court has previously held, a parent's moral conduct is not relevant Under R.C. 3109.04 unless it has a direct, adverse impact on the child's physical, emotional, mental or moral development.Phillips v. Phillips (Mar. 20, 1995), Preble App. No. CA94-03-005, unreported, at 3, citing Mohrman v. Mohrman (1989),57 Ohio App.3d 33.
After conducting an in-chambers interview with Savannah, the trial court considered all applicable factors under R.C.3109.04(F) and found that that Savannah's best interest would be served by transferring custody to appellee. In part, the trial court based this determination upon its finding that appellant had significantly interfered with appellee's visitation rights on several occasions.
The trial court also based its findings upon the fact that appellant was living on and off with Eric Shaw, a man who had a propensity for violence. The trial court noted Shaw's extensive criminal record, including domestic violence complaints filed against him by appellant. The court also stated that Shaw's substance abuse problem and tendency toward violence often resulted in frequent, violent arguments between Shaw and appellant when Savannah was present. The court expressly found that appellant's relationship with Shaw had "a significant affect on Savannah's best interest." The court stated its concern that "the domestic violence that is a pervasive part of [appellant's] life with Eric Shaw, will manifest itself and physically endanger Savannah in the future. Testimony at trial supports that it has already harmed her emotionally. Therefore, it is found that the harm likely to be caused to Savannah by a change of environment is outweighed by the advantages of such change."
The record is clear that in making its best interest determination, the trial court considered appellant's lifestyle choices only to the extent that those choices had a direct, adverse impact upon Savannah's physical and emotional well being. We find no abuse of discretion in the trial court's decision to grant custody to appellee. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, J., and WALSH, J., concur.