BOYER, APPELLANT, v. BOYER, APPELLEE.

[Cite as Boyer v. Boyer (1976), 46 Ohio St. 2d 83.]

(No. 75-1029—Decided April 28, 1976.)

*Mr. Kenneth B. Schumaker*, for appellant.
*Messrs. Silbaugh, Reed, Lentz, Huddle & Clark* and *Mr. Joseph T. Clark*, for appellee.

WILLIAM B. BROWN, J. The question presented is whether a court may commit a minor child to a relative even though the court finds that the parents are suitable persons or fit to take charge.

Civ. R. 75(P), in pertinent part, reads:

"If the court finds, with respect to any child under eighteen years of age, that *neither parent is a suitable person to have custody,* it may commit the child to any other relative of the child * * *." (Emphasis added.)

At the time the Civil Rules were promulgated, R. C. 3109.04 and Civ. R. 75(P), where pertinent, were identical.

The trial court, in committing George to the custody of his grandmother even though the child's parents were not found to be unsuitable or unfit, purported to derive authority from the present version of R. C. 3109.04, which reads:

"If the court finds, with respect to any child under eighteen years of age, that *custody to neither parent is in the best interest of the child,* it may commit the child to a relative of the child * * *." (Emphasis added.)

Appellant's basic argument, in an apparent allusion

to the Modern Courts Amendment, Section 5(B) of Article IV of the Ohio Constitution, is that Civ. R. 75(P) controls the provisions of R. C. 3109.04. The Modern Courts Amendment reads, in part:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

The Amendment, along with Civ. R. 1(A), recognizes that where conflicts arise between the Civil Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law. *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 210; *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86, 88; *Krause, Admr.,* v. *State* (1972), 31 Ohio St. 2d 132, 145.

This court holds that the conflicting portions of Civ. R. 75(P) and R. C. 3109.04 deal with matters of substantive law, and that the statute, therefore, must control. The object of inquiry herein is the determination of who shall have custody of George. The General Assembly has granted to children the right to be placed with the relative whose custodianship would be in the child's best interest. As my opinion in *State, ex rel. Portage County Welfare Dept.,* v. *Summers* (1974), 38 Ohio St. 2d 144, 152-153, says:

"Historically, it has been the province of the courts to make the final determination of the best interests of a child in custody disputes. In an early case involving a custody dispute between the father and mother of a child, *Gishwiler* v. *Dodez* (1855), 4 Ohio St. 615, 617, this court said:

" '* * * [I]t is universally agreed that neither of the parties has any rights that can be made to conflict with the welfare of the child, and that the order of the court should be made with a single reference to its best interests. The contending parties may be fairly presumed to be more solicitous to gratify their own interests and feel-

ings, than to develop the whole truth, with a view to the main object of the inquiry; while the child, incapable of judging for itself, and wholly unrepresented in the contest, is in danger of being overlooked. Under such circumstances, it is the duty of the judge to become its protector, and not only to listen to all the evidence produced by the parties calculated to throw light upon his path of duty, but also to inform himself from all other legitimate sources, the better to qualify himself to discharge understandingly the delicate trust.' ''

The Court of Common Pleas properly applied the provisions of R. C. 3109.04.

We reject appellant's second assertion that the standard for determining proper custody—the best interest of the child doctrine—is unconstitutionally vague. The doctrine itself is not only universally applied and recognized and amenable to description (see *State, ex rel. Portage County Welfare Dept.,* v. *Summers, supra* [38 Ohio St. 2d 144], at fn. 8, page 152), but also R. C. 3109.04(C) sets forth a five-factor test to be applied by the court in determining the proper custodian of the child.

Children and parents of those children, stand equal before the law. They are entitled to protection from and by the law. Appellant's basic premise, that the parents have a right to custody which transcends consideration of the child's best interest, is recognition that the child's right to a suitable custodian and parental rights, when not in harmony, are competing interests, requiring that one give way to the other.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur

HERBERT, J., concurs in paragraph one of the syllabus and the judgment.