THE STATE OF OHIO, APPELLANT, *v.* SLATTER, APPELLEE.

(No. 80-852—Decided June 24, 1981.)

*Mr. David Frey,* prosecuting attorney, for appellant.

*Messrs. Lavelle & Goldsberry* and *Mr. Michael A. Likavec,* for appellee.

WILLIAM B. BROWN, J. Appellant asserts, as its sole proposition of law, that "R. C. 2935.26, insofar as it conflicts with Rules 3, 4, and 4.1 of the Ohio Rules of Criminal Procedures [sic] is in violation of Article IV, Section 5(B) of the Ohio Constitution."

Article IV, Section 5(B) of the Ohio Constitution, provides, in part: "The Supreme Court shall prescribe rules governing practice and procedure, in all courts of the State, which rules shall not abridge, enlarge, or modify any substantive right***. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Rules promulgated pursuant to this constitutional provision must be procedural in nature. Where a conflict arises between a rule and a statute, the rule will control the statute on matters of procedure. *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83, 86. Conversely, a rule may not abridge, enlarge, or modify any substantive right and a statute will control a rule on matters of substantive law. *Id.*

The application of the substantive-procedural distinction

to a statute or rule is not without difficulty, as the substantive and procedural laws are not always mutually exclusive. See, generally, 37 Ohio St. L.J. 364; 5 Ohio Northern L. Rev. 363. This court has dealt with that issue in a series of three cases beginning with *Krause* v. *State* (1972), 31 Ohio St. 2d 132. In *Krause,* the court considered, and rejected, an argument that Civ. R. 4.2 provided for suits to be brought against the state.[3] The court held, at page 145, that the lack of consent to suits against the state, whether viewed as a defense or as a right of the state, "falls within that body of law traditionally denominated substantive." The conclusion was achieved by application of a definition of "substantive": "[t]he word 'substantive,' as used in Section 5(B) of Article IV, is in contradistinction to the words 'adjective' or 'procedural' which pertain to the method of enforcing rights or obtaining redress. 'Substantive' means that body of law which creates, defines and regulates the rights of the parties. [Citation omitted.] The word substantive refers to common law, statutory and constitutionally recognized rights."[4] *Id.*

Also, in the same term, the court decided *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48. In *Gregory,* an amendment to the workers' compensation statutes had the effect of destroying appellee's existing right to seek and be awarded compensation. Though deciding that statutes of limitation may be generally classified as procedural legislation, we held, in paragraph two of the syllabus, that "[t]he statutory right to file an application for modification of an award, which right arose by operation of the workmen's compensation laws of this state, is a *substantive* right which accrues at the time of the claimant's injury." (Emphasis added.) This court further commented, at pages 57-58, fn. 9, that "[m]any courts have erred in proceeding upon an assumption that the supposed dividing line between the two categories has some kind of objective ex-

[3] The argument asserted was that Section 16, Article I of the Ohio Constitution, allowed suits to be brought against the state as provided by law and that since Civ. R. 4.2, promulgated pursuant to Section 5(B), Article IV of the Ohio Constitution, provided for service against the state, suits were allowed because the General Assembly had not disapproved the rule.

[4] The court further indicated that an additional indicant of substantive law is the magnitude of the change in public policy found in a rule or statute. *Krause* v. *State* (1972), 31 Ohio St. 2d 132, 145.

istence upon one side or the other of which a set of facts must always fall. Decisions, expressed in terms of locating a pre-existing line instead of where the line ought to be drawn, have lent themselves immeasurably to the confusion which reigns in this whole area of law. \* \* \* 'The precise meaning to be given to "substance" and to "procedure" ought, therefore, to be determined in the light of this underlying purpose to be fair to the individuals concerned \* \* \*.' "[5]

In *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, the court considered a conflict between R. C. 2945.68, which granted the Courts of Appeals discretion in determining whether to allow filing of a bill of exceptions by the state in a criminal matter, and App. R. 4(B), which permitted the prosecution to appeal as of right in criminal cases. In rejecting an argument that the statute was procedural and therefore superseded by the rule, the court held, at pages 210-211, that the effect of the statute "is to grant jurisdiction to appellate courts to hear appeals by the prosecution in criminal cases and to create a *substantive* right in the prosecution to bring such appeals \* \* \*."[6] (Emphasis *sic.*) The right of appeal granted to the prosecution "did not exist at common law prior to the adoption of Section 6 of Article IV of the Ohio Constitution (now Section 3 of Article IV), and the implementing legislation

---

[5] This court also quoted Chamberlayne's Modern Law of Evidence, at page 56, on the conceptual underpinnings of the substantive-procedural dichotomy: " '\* \* \*The distinction between substantive and procedural law is artificial and illusory. In essence, there is none. The remedy and the predetermined machinery, so far as the litigant has a recognized claim to use it, are, legally speaking, part of the right itself. A right without a remedy for its violation is a command without a sanction, a *brutem fulmen, i.e.,* no law at all. While it may be convenient to distinguish between the right or liability, the remedy or penalty by which it is enforced, on the one hand, and the machinery by which the remedy is applied to the right, on the other, *i.e.,* between substantive law and procedural law, it should not be forgotten that so far as either is law at all, it is the litigant's right to insist upon it, *i.e.,* it is part of his right. In other words, it is substantive law.' "

[6] Justice Herbert wrote a vigorous dissent to *Hughes,* holding that R. C. 2945.68 did not create, define or regulate the rights of any party. Prosecutorial appeals, in Justice Herbert's view, "are not adversary, in the accepted constitutional sense \* \* \*." *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 211. The statutes "represent a legislative effort to describe certain procedural 'rights' \* \* \*." *Id.,* at pages 211-212. Justice Herbert stated that the court should give credence to the rule and "the modern philosophy upon which all of the new rules are founded. Otherwise, we risk an inexorable retreat to anachronism." *Id.,* at page 213.

contained in R. C. 2945.67 through 2945.70 * * *." *Id.,* at page 210.[7]

Pursuant to the grant of rule-making authority contained in Section 5(B), Article IV of the Ohio Constitution, this court adopted Crim. R. 4.1, which provides, in subdivision (A), in part, that "a court may establish the following procedure for all or particular minor misdemeanors other than offenses covered by the Uniform Traffic Rules." Subdivision (B) of the rule defines minor misdemeanor as "an offense for which the potential penalty does not exceed a fine of fifty dollars." Subdivision (C) provides, in part, that "[i]n minor misdemeanor cases a law enforcement officer may issue a citation." The form of the citation is also provided, including the following: "[t]he citation shall inform the defendant that, in lieu of appearing at the time and place stated, he may, within that stated time, appear personally at the office of the clerk of court and upon signing a plea of guilty and a waiver of trial pay a stated fine and stated costs, if any." Subdivision (D) requires signing of the citation by the issuing officer and delivery to the court. A fine schedule shall be established by the court pursuant to subdivision (E). Subdivision (F) provides, in part, that "[w]hen a defendant fails to appear, the court may issue a supplemental citation, or a summons or warrant under Rule 4." Finally, subdivision (G) determines that the procedure to be followed where a defendant appears but does not sign a guilty plea and waiver of trial shall be in accordance with Rule 5.

In 1978, the General Assembly enacted R. C. 2935.26 which provides, in part, that:

"(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:

"* * *

"(2) The offender cannot or will not offer satisfactory evidence of his identity."

---

[7] The *Krause-Gregory-Hughes* line of analysis has been applied in several recent cases. See *State* v. *Wallace* (1975), 43 Ohio St. 2d 1; *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83; *State* v. *Waller* (1976), 47 Ohio St. 2d 52; *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164; *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234; and *State, ex rel. Columbus,* v. *Boyland* (1979), 58 Ohio St. 2d 490.

Appellant asserts R. C. 2935.26 is in conflict with Crim. R. 4.1 because the statute supersedes the process for invoking use of a citation by local court rule by requiring use of the citation system at all times, whereas the rule makes the issuance of citations discretionary with the local court.

We hold R. C. 2935.26 to create a substantive right of freedom from arrest for one accused of the commission of a minor misdemeanor unless one of the statutory exemptions exists. As stated by the Court of Appeals: "This statute acts to preclude arrest and is a guarantee of personal freedom given by the legislature where no such right existed before." This right of non-arrest for a minor misdemeanor is created, defined and regulated by the statute. The statute does not pertain to the method of enforcing that right; Crim. R. 4.1 does.[8] The rule makes available to local courts a procedure for disposition of minor misdemeanor cases by payment of a fine without court appearance where citations have been issued. The rule does not make issuance of the citations discretionary with the court, but reflects the statutory provision that while a citation may be issued, it need not be issued in circumstances where one of the statutory exceptions applies. The statute and the rule, therefore, are complimentary, not in conflict.[9]

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

[8] A statute is presumed to be in compliance with the Ohio Constitution and the courts will liberally construe a statute to save it from constitutional infirmities. *State* v. *Sinito* (1975), 43 Ohio St. 2d 98, 101. Furthermore, this presumption of constitutionality will be overcome only if it clearly appears that a law is in direct conflict with the Constitution. *Ohio Public Interest Action Group* v. *Pub. Util. Comm.* (1975), 43 Ohio St. 2d 175.

[9] Appellant raises two additional arguments. One, not raised before the trial court, that R. C. 2935.26 is in conflict with Crim. R. 3 and 4, by limiting the application of those rules to violations other than minor misdemeanors. This argument presumes the statute to be procedural in nature. We hold to the contrary. Two, appellant asserts that any right created by R. C. 2935.26 is "substantial" but not "substantive." While this further distinction may be recognized in some other jurisdications, we have never adopted it, nor has appellant provided any compelling reason why we should thus thicken this semantic fog.