MILLER, n.k.a. Coomer, Appellant,

v.

MILLER; Miller et al., Appellees.

[Cite as *Miller v. Miller* (1993), 86 Ohio App.3d 623.]

Court of Appeals of Ohio,
Hocking County.

No. 92 CA 03.

Decided March 4, 1993.

*Richard M. Wallar,* for appellant.

*Lappen, Lilley, Kernen & Co., L.P.A.,* and *Robert L. Lilley,* for appellees.

GREY, Judge.

This is an appeal from the Common Pleas Court of Hocking County. The court denied Tracy Sue Coomer's motion to change custody of her two minor children from their paternal grandparents to her. We affirm.

Following a dissolution of marriage in 1982, Dustin, then fourteen months old, and Karena, then three years old, went to live with their paternal grandparents, Floyd and Glenna Miller. On August 27, 1984, the Millers were granted custody.

In 1987, Coomer filed a motion for change of custody. The motion was denied, but the court did grant more liberalized visitation. Coomer filed another motion for change in custody on August 14, 1991. The court, after receiving testimony, adducing evidence and interviewing the children, denied the motion. Coomer appeals and assigns the following claims of error:

"FIRST ASSIGNMENT OF ERROR

"The trial court erred in denying the Appellant/Mother's motion for change of custody since a parent may be denied custody (from a non-parent) only if a preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable."

■ The first assignment of error alleges the court erred by applying the wrong standard. Coomer cites *In re Perales* (1977), 52 Ohio St.2d 89, 6 O.O.3d 293, 369 N.E.2d 1047, to support her contention that a parent must be found unsuitable before permanent custody can be given to a non-parent. Under *Perales*, the parent has the paramount right to custody and the "best interest of the child" test is inappropriate.

"The trial court failed to make a finding that Shirley Perales is unsuitable, *and the evidence in the record that appellee forfeited her right to custody* or that appellee's custody would be detrimental to Tracy *is not sufficient for this court to substitute its judgment for that of the trial court.* We therefore reverse the judgment of the Court of Appeals and remand to the trial court for a new proceeding to be held consistently with the criteria for finding unsuitability which are stated in this opinion." (Emphasis added.) *Id.* at 99, 6 O.O.3d at 298, 369 N.E.2d at 1052.

*Perales* is still good law, and the rule in Ohio is still that a natural parent has the paramount right to custody of his or her child as against a non-parent. We emphasize this rule because there is a danger that the rule may be devoured by its exception. The exception is that an abandonment, a contractual relinquishment or a total inability to provide support may constitute a forfeiture of a natural parent's paramount right to custody.

*Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 22 OBR 81, 488 N.E.2d 857, is directly on point. In *Masitto*, the Supreme Court repeated the rule that the parent has the paramount right to custody and again asserted the "unsuitability" test of *Perales* as the appropriate standard. The court then discussed the exceptions to the rule, such as where a parent had consented to a change in

custody. Parents who have relinquished custody through contract or by abandonment, or who are totally unable to care for their children may be found to have forfeited their paramount right to custody. Thereafter, they must meet the standards of R.C. 3109.04(B), the "best interest of the child" test, when attempting to change custody.

■ Whether relinquishing custody should be a forfeiture of the right of custody is a question of fact. Appellees argue that *Masitto* stands for the proposition that *any* contractual custody arrangement constitutes relinquishment of the right of custody as a matter of law. We emphatically reject that interpretation of *Masitto*, a *per curiam* opinion. *Masitto* states:

"Whether or not a parent relinquishes rights to custody is a question of fact, which, once determined, will be upheld on appeal if there is some reliable, credible evidence to support the finding." *Id.*, 22 Ohio St.3d at 66, 22 OBR at 83, 488 N.E.2d at 860.

Clearly there are situations where a parent might make a contractual arrangement for care and custody of a child that cannot be construed to constitute a forfeiture or relinquishment of custodial rights. For example, many single-parent soldiers who were sent to fight in Desert Storm had no idea how long it would take and had to make arrangements for their children while they were away. This court does not believe that men and women who fight for their country are unsuitable parents, and we are loath to hold that they have forfeited their right to custody for having done so. There are many other circumstances, *e.g.*, a lengthy hospitalization, or a temporary work assignment in another state or out of the country, which might require a parent to make arrangements for the care and custody of the children during the parent's absence. Making such an arrangement is not relinquishment of parental rights *per se*, but is, as the Supreme Court said in *Masitto*, a question of fact.

Coomer relies on *In re Custody of Carpenter* (1987), 41 Ohio App.3d 182, 534 N.E.2d 1216, where grandparents were given temporary custody by consent. The court in that case held that a grant of temporary custody to a non-parent cannot be construed to constitute a forfeiture or relinquishment of parental rights, that it is, by its very nature, "temporary." The court went on to add that a long interval between a grant of temporary custody and the attempt to regain custody might be construed as a surrender of parental rights. Again, this is a question of fact for the trial court to decide.

■ In this case, in 1984, Coomer and her ex-husband filed a motion to award custody of Karena and Dustin to the Millers. The motion noted that both children had lived with the Millers since infancy and it was in the best interest of the children to continue the arrangement. Here, unlike *Perales*, there is

sufficient evidence of a contractual relinquishment of custody. There is nothing to indicate a temporary award of custody as there was in *Carpenter, supra.*

There is, under the *Masitto* standard, reliable, credible evidence in the record to support the trial court's finding that there was a consensual relinquishment of custody. This requires the application of the best interest standard. Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto, supra,* 22 Ohio St.3d at 69, 22 OBR at 85, 488 N.E.2d at 862.

Coomer's first assignment of error is not well taken and is overruled.

"SECOND ASSIGNMENT OF ERROR

"The trial court erred in finding that the harm likely to be caused by a change of custody is not outweighed by the advantages when the evidence established that the Appellant/Mother provided a good and stable home environment and that both children indicated an intelligent and knowing desire to live with the Appellant."

Coomer's second assignment of error argues that, even under the best interest standard, the trial court erred in not granting a change of custody. Under the "best interest of the child" test, custody will not be modified unless a party can prove that the change of custody will be in the best interest of the child. A mere assertion that it will not be detrimental is insufficient. This is a weight of the evidence question and if the judgment of the trial court is supported by competent probative evidence, this court must affirm the decision of the trial court. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The record shows that Coomer originally consented to the Millers having custody. She has not paid much, if anything, in the way of support. The children have lived with the Millers for approximately ten years. Mrs. Miller has spent a substantial amount of time working with Karena to overcome her learning disability.

Attempts were made to return custody to Coomer. Once, after moving to Florida with the children, Coomer returned them to the Millers. Prior to the motion to change custody, the children spent a three-month trial period with Coomer and her husband. Dustin admitted that he did not take books home from school and that his grades suffered. Karena, who has a learning disability, also received lower grades. When medical attention was required, Coomer charged the bill to the Millers. The parties have cooperated on visitation. The Millers have encouraged Coomer's contact with the children, and when she had the children she permitted the Millers visitation. Both children said they wanted

to live with their mother and the record indicates she has suitable accommodations for them.

Although this is a very close case, this court must defer to the trial court. If there is sufficient competent, credible evidence to warrant the court's finding, under the holding in *C.E. Morris, supra,* we must affirm.

Coomer's second assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE and STEPHENSON, JJ., concur.