OPINION
The State of Ohio is appealing, pursuant to Crim.R. 12(J), the decision of the trial court sustaining Corey R. Miller's motion to suppress evidence. The facts of the case and the applicable law involved are succinctly set forth in the opinion of the trial court, the Honorable Jeffrey E. Froelich, substituting for Judge Barbara P. Gorman, which opinion and decision we adopt as our own, as follows:
 The Defendant was a passenger in a vehicle which was stopped as part of a drug investigation. The officer testified that after seeing furtive movements by the Defendant, he asked the Defendant to step out of the vehicle while the officer's partner talked to the driver.
 The Defendant alighted from the vehicle and was patted down for weapons and none were found. The officer then asked the Defendant for his name and identification. According to the officer, the Defendant did provide his name and birth date, but only after a hesitation, and had no identification and did not know his complete social security number. The officer then placed the Defendant under arrest for the charge of `no seatbelt'; during a subsequent search, suspected cocaine was found on the Defendant.
 The Defendant argues that the officer made no attempt to verify his name and date of birth prior to placing him under arrest and that if this had been done, the officer would have determined that the information was correct. The Defendant contends that an arrest under such circumstances violates R.C. 2935.26 and the evidence must be suppressed.
 The Supreme Court has held that R.C. 2935.26 creates "a substantive right of freedom from arrest . . . unless one of the statutory exceptions exist." State v. Slatter (1981), 66 Ohio St.2d 452, 458. Furthermore, the State has the burden of demonstrating the existence of the statutory exception. State v. Satterwhite (Jan. 25, 1995), Mont. App. No. 14699, unreported, discretionary appeal not allowed, 72 Ohio St.3d 1538.
 In State v. Brooks (August 30, 1996), Mont. App. No. 15523, unreported, the Court held that a Defendant must do more than merely give his identity that is reasonably reliable and that it is of no legal significance that the officer did not attempt to verify the name, address and phone number given to him by the Defendant before deciding to arrest the Defendant.
 Subsequent cases have centered on the availability of computer verification of this `reasonably reliable' identification information. State v. Terry (Feb. 28, 1997), Mont. App. No. 15796, unreported; State v. Hudson (Jan. 17, 1997), Mont. App. No. 15757, unreported. In State v. Satterwhite (Sept. 5, 1997), Mont. App. No. 16144, unreported, the Court held that police cannot avail themselves of the exception to the citation-only provision of R.C. 2935.26 by refusing to attempt to verify identification information if the means for doing so are readily available.
 A decision in these types of cases must be fact intensive. For example, in State v. DiGiorgio (Dec. 27, 1996), Mont. App. No. 15861, unreported, the Court held that where the Defendant was able to furnish a social security number in addition to his name and address, this was sufficient identification to avoid the exception. The Defendant herein gave a name and date of birth and there is no further evidence or testimony of any attempt to verify or corroborate this information or even as to the availability of a computer check. Rather, from the evidence at the hearing, it appears that the Defendant was in the vehicle with a drug suspect and when identification was requested, hesitated in giving his name and date of birth and could not recite his complete social security number. While such actions may cause legitimate concerns on the part of the officer, this situation is identical to the giving of a name and social security number. DiGiorgio, supra. Unless a social security number has become some sort of required national personal identification badge, the giving of a potentially verifiable name and date of birth is sufficient `reasonably reliable' identification to avoid arrest on a minor misdemeanor absent evidence that verification means are not readily available.
The Motion to Suppress is GRANTED.
We find the decision of the trial court to be in accord with our many recent decisions regarding the sufficiency of identity information necessary to avoid the arrest for a minor misdemeanor violation. See, eg, State v. Hudson (Jan. 17, 1997), Montgomery App. No. 15523, unreported. The State's sole assignment of error, that the trial court erred in its decision granting the suppression motion, is overruled and the judgment is affirmed.
BROGAN, J., and WOLFF, J., concur.
Copies mailed to:
Kirsten A. Davies
Arvin S. Miller
Hon. Barbara P. Gorman