OPINION
Defendant-appellant, Ronald E. Richardson, appeals the decision of the Franklin County Court of Common Pleas to overrule appellant's motion to suppress evidence. Appellant was charged with possession of cocaine. Appellant filed a motion to suppress cocaine found in his sock by a police officer during a pat-down search.
The testimony at the suppression hearing established the following. Around 3:05 p.m., on November 21, 1997, Officers John Herman and Tony Pappas observed appellant walking on the side of the street while not facing traffic, in violation of Columbus City Code.
Officer Herman called appellant to the police cruiser and asked him to produce official state identification. Appellant told the police officer that he did not have any state identification on him. Officer Herman asked appellant for his name and appellant provided it. Officer Herman told appellant that he was going to issue a citation for appellant's pedestrian violation. Officer Herman wanted appellant to sit in the police cruiser while the citation was being issued; whereupon, Officer Herman conducted a pat-down search on appellant before placing him in the cruiser. During the search, Officer Herman saw a bulge in appellant's left sock. Officer Herman touched it from outside the sock and felt a rock-like substance that he believed to be crack cocaine. He retrieved the substance and conducted a field test, which indicated that the substance was cocaine. The officers then arrested appellant for possession of cocaine.
At the conclusion of the hearing, the trial court denied appellant's motion to suppress the cocaine found in his sock. The trial court concluded that the police officers had the authority to conduct the pat-down search for weapons as a safety precaution before placing appellant in the police cruiser. Thereafter, appellant entered a no contest plea to the charge of possession of cocaine. The trial court found appellant guilty and sentenced him to a one-year period of non-reporting community control.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING A DEFENSE MOTION TO SUPPRESS THE RESULTS OF A SEARCH CONDUCTED IN VIOLATION OF THE RIGHTS OF APPELLANT AFFORDED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
Appellant contends that the cocaine discovered during the warrantless search should be suppressed because it was the product of an unconstitutional search. We agree.
Generally, a police officer who stops an individual in order to issue a citation may conduct a brief pat-down search of the individual for weapons if the police officer has reason to believe that the individual is armed and dangerous. Terry v. Ohio
(1968), 392 U.S. 1, 27; Pennsylvania v. Mimms (1977),434 U.S. 106, 112; see, also, Knowles v. Iowa (1998), 119 S.Ct. 484, 488
(concluding that a stop by police officers to issue a citation to an offender who has committed a misdemeanor is "analogous to a so-called `Terry stop'"). The purpose of the limited protective search under Terry is not to discover evidence, but to allow the officer to conduct his or her duties without fear of violence.Adams v. Williams (1972), 407 U.S. 143, 146.
Officer Herman testified that he decided to conduct the pat-down search for weapons because he was going to place appellant in the police cruiser while the citation was being issued. However, nothing was presented during the suppression hearing to show that Officer Herman had reason to believe that appellant was armed and dangerous. For example, no evidence was presented to show that appellant, stopped for a pedestrian violation, became physically abusive. As well, there was no evidence showing that Officer Herman had reason to believe that appellant was carrying a weapon. Therefore, we conclude that Officer Herman had no authority to conduct the warrantless pat-down search.
We acknowledge that the Ohio Supreme Court held that a driver of a motor vehicle who has been lawfully stopped for a traffic violation may be subjected to a warrantless pat-down search upon being asked to exit his or her vehicle and sit in the police cruiser while being issued a citation for the traffic violation. State v. Evans (1993), 67 Ohio St.3d 405, 410 and paragraph one of the syllabus.
However, we acknowledge that the holding in Evans is limited to police officers who stop drivers for traffic violations. Id. As well, we recognize that police officers making traffic stops face specific hazards that allow the officers to take precautions, similar to the precautions upheld in Evans, that are unique to the traffic stop setting. See, e.g., Marylandv. Wilson (1997), 519 U.S. 408, 412 (recognizing that, in 1994 alone, there were 5,762 officers assaulted and eleven officers killed during traffic stops); see, also, Mimms, at 333 (noting that a significant percentage of murders of police officers occur when the officers make traffic stops). Indeed, other courts have indicated that police officers making traffic stops may take precautions unique to the traffic stop setting. See Wilson, at 886 (allowing a police officer to order any passengers to exit the vehicle during a traffic stop); see, also, Mimms, at 333 (allowing a police officer to order a driver to exit the vehicle during a traffic stop); see, also, Michigan v. Long (1983), 463 U.S. 1032,1049 (holding that a police officer conducting a traffic stop may search the passenger compartment of a vehicle upon reasonable suspicion that the occupant is dangerous and has the potential of gaining immediate control of any weapons that may be in the vehicle); see, also, State v. Mertz (N.D. 1985), 362 N.W.2d 410,413 (holding that a police officer may order a driver to sit in the police cruiser during a traffic stop). Accordingly, we conclude that Evans does not compel us to hold that the warrantless pat-down search in this case was lawful.
Our decision does not imply that the concern for officer safety is absent in situations where police officers stop individuals who commit minor misdemeanors in a non-traffic stop setting. Nor does our decision preclude police officers from guarding against assaults when they stop offenders for committing minor misdemeanors in a non-traffic stop setting. In Terry, the United States Supreme Court crafted a sound doctrine that allows police officers to avoid "unnecessary risks in the performance of their duties" by conducting a pat-down search for weapons on individuals lawfully detained upon reasonable suspicion that the individual is armed and dangerous. Terry, at 1881.
Both parties' briefs raise another issue under appellant's single assignment of error that we shall discuss for clarification purposes. In their briefs, both parties discuss whether appellant's oral representations of his identity were sufficient evidence of his identity. As noted above, appellant was unable to produce official state identification upon Officer Herman's request; rather, appellant made oral representations as to his identity.
A police officer may arrest a person charged with a minor misdemeanor if the person cannot or will not offer satisfactory evidence of his or her identity. R.C. 2935.26(A)(2);State v. Slatter (1981), 66 Ohio St.2d 452, 458. The purpose of R.C. 2935.26(A)(2) is to allow police officers to ensure that a person who is charged with a violation of law, but allowed to proceed on his or her way, will likely comply with the citation.State v. Satterwhite (Jan. 25, 1995), Montgomery App. No. 14699, unreported. Thus, police officers have the authority to utilize the means readily available to verify the identification of a person stopped for committing a minor misdemeanor when the person only provides oral representations as to his or her identity.State v. Hudson (Jan. 17, 1997), Montgomery App. No. 15757, unreported.
In this case, the record shows that appellant was not arrested for failing to produce official state identification; rather, it appears that Officer Herman did not want to issue a citation until he verified appellant's oral representations. Based on reasons noted above, Officer Herman had authority to verify the oral information with means readily available before issuing the citation.
As an aside, we note that Officer Herman's decision to prolong appellant's detention in order to verify his identity did not amount to a full custodial arrest. Knowles, at 488 (concluding that a detention of a person to be issued a citation does not amount to a full custodial arrest). As such, the search incident to a lawful arrest exception to the warrant requirement does not validate Officer Herman's warrantless search of appellant. See Chimel v. California (1969), 395 U.S. 752, 764
(discussing the search incident to a lawful arrest exception to the warrant requirement).
Therefore, because the police officers were not justified in conducting a warrantless search of appellant, we sustain appellant's single assignment of error. As such, the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
DESHLER, J., concurs.
BRYANT, J., concurs separately.