OPINION
Defendant-appellant, Vincent Lella, Jr., appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting custody of his daughter, Laura, to her maternal grandparents. We affirm the decision of the trial court.
Lella and plaintiff-appellee, Debra Downing, were married in 1986 in New Jersey. Three children were born issue of the marriage. When the couple separated in 1995, Downing moved to Ohio. They were divorced in 1996, and Downing was granted custody of the parties' children. Downing subsequently remarried and moved to Kentucky.
In August 1998, Downing began having problems with Laura, the oldest child. Laura began going out on her own and acquired a group of older friends. She became increasingly disrespectful toward her mother and refused to accept discipline. Her performance in school dropped and she received four "Ds" on her final report card.
At this time Laura also expressed that she would prefer to live with her father in New Jersey. While this possibility was discussed, she moved in with the Roarks, Downing's mother and stepfather, who live in Ohio. After this move, Laura was able to attend her former school where she already had a group of friends. Laura's school performance greatly improved during the year that she lived with the Roarks. She received mostly "As" and "Bs" and had very few absences. In all respects, Laura is thriving in the Roarks' care. She describes herself as happy and as having lots of friends. She is secure in her home environment now that she no longer feels that she is in the middle of her parents' conflicts, and expressed that she does not want to move.
In September 1999, Downing filed a motion with the trial court requesting that the Roarks be granted temporary custody of Laura for school enrollment purposes. Lella subsequently filed a motion to reallocate parental rights and responsibilities, requesting custody of all three children. At a hearing on the motions, the parties stipulated that a change of circumstances had occurred with regard to Laura. Although finding that both parents were suitable, the trial court granted the Roarks custody of Laura. The trial court denied Lella's motion entirely, finding that a change of circumstances had not occurred with regard to the parties' youngest two children, and that it was in Laura's best interest to live with the Roarks.
Lella appeals, raising the following assignment of error:
 The trial court erred to the prejudice of the Appellant in ruling that he was a suitable parent and then awarding custody to a non-parent.
 Appellant contends that custody of a minor child cannot be granted to anyone other than a parent in the absence of a finding of parental unsuitability. In the present case, the trial court specifically found that both parties are suitable parents.
Custody decisions made by a juvenile court pursuant to R.C. 2151.23
require a finding of parental unsuitability before custody of a child can be placed with a nonparent. In re Perales (1977), 52 Ohio St.2d 89, 97. In Perales, the Supreme Court held that "parents may be denied custody only if a preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable that is, that an award of custody would be detrimental to the child." Id.
However, the legislature has abrogated this common law rule with respect to custody decisions made relative to a divorce or dissolution of marriage. Pursuant to R.C. 3109.04(D)(2), a court may grant custody of a child to a relative "if it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child." When making a custody decision under this section, "even though the child's parents are not found to be unfit or unsuitable, the court may commit the child to a relative of the child where the court finds that custody to neither parent is in the best interest of the child." Boyer v. Boyer (1976), 46 Ohio St.2d 83, paragraph one of the syllabus, certiorari denied (1976), 429 U.S. 889,97 S.Ct. 245.
In Boyer, the natural mother of a six-year-old child sought custody of him in a divorce action. However, the child had lived with his paternal grandparents since shortly after his birth. The grandparents sought to retain custody, and the child's father supported their claim. The trial court granted custody to the grandparents after finding that the child's best interest supported this custody arrangement. On appeal, the mother argued that the trial court had erred by granting custody to a nonparent without first finding that his natural parents were unsuitable.
The Supreme Court held that R.C. 3109.04 expressly permits a trial court to award custody to a relative upon a finding that it is in the child's best interest. Boyer at paragraph one of the syllabus. The Court found that the statute grants to children "the right to be placed with the relative whose custodianship would be in the child's best interest." Id. at 86. The Court concluded that "the child's right to a suitable custodian and parental rights, when not in harmony, are competing interests, requiring that one give way to the other." Id. at 87. Because the General Assembly had acted in support of the child's rights, those rights prevailed. Id. at 86-87.
We acknowledge that some appellate courts have attempted to reconcile the apparent inconsistency caused by the existence of two standards by which to evaluate parent/nonparent custody disputes. Some courts have found an unsuitability standard implicit in the best interest standard.Baker v. Baker (1996), 113 Ohio App.3d 805, 810-811 (holding "[I]t is in the best interest of a child to be in custody of a suitable parent, and a parent is not suitable if it would not be in his or her child's best interest for him to have custody"). Other courts have held that thePerales suitability test governs all custody disputes between parents and nonparents, regardless of where the action originates. See Miller v.Miller (1993), 86 Ohio App.3d 623, 625. However, as a matter of jurisprudence, we are obligated to recognize that the legislature and Supreme Court have established different approaches to resolving parent/nonparent custody disputes, which depend on the nature of the underlying proceeding. The proper test must be applied in the proper context, and the failure to do so constitutes reversible error. SeePerales, 52 Ohio St.2d at 99; Boyer, 46 Ohio St.2d at 86.
R.C. 3109.04 does not require a finding of unsuitability before placing custody with a nonparent relative. Rather, it requires that the custody decision be in the child's best interest. In the present case, the trial court decided the custody issue using the best interest of the child standard and we find no error in the trial court's decision. The assignment of error is overruled.
Judgment affirmed.
 ____________________ WALSH, J.
YOUNG, P.J., and VALEN, J., concur.