OPINION
{¶ 1} This is an appeal from a decision of the Juvenile Division of the Court of Common Pleas, Stark County wherein the trial court sustained the motion of Matthew Hollowell for modification of custody of Christian Hollowell, his son, from that of the maternal grandparents, William and Pam Collins.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Christian Hollowell was born December 4, 1996 to Michelle Yeager (nee Collins) and Matthew Hollowell who were unmarried. Pursuant to prior court proceedings in 1999 custody of such child was placed with the maternal grandparents. The guardian ad litem's findings and recommendations were that the child's best interests would be served by such placement. The magistrate was concerned with the maturity of the parents at that time and indicated that a change of custody in the future might be appropriate. The mother did not oppose such custody to her parents although the father, Matthew Hollowell did.
 {¶ 3} Since such placement, the father has married, obtained employment, cleared support arrearage, attended parenting and anger classes.
 {¶ 4} He is also the father of an additional son.
 {¶ 5} On August 10, 2001 Matthew Hollowell filed his motion to acquire custody.
 {¶ 6} The mother, Michelle Yeager, did not appear at the hearing, although appellants, Pam and William Collins, did and opposed the motion.
 {¶ 7} The same guardian ad litem reported that she believed the best interests of the child would now be with the child's father.
 {¶ 8} The trial court approved such recommendation.
 ASSIGNMENT OF ERROR {¶ 9} The sole Assignment of Error is:
 I. {¶ 10} "THE TRIAL COURT ERRED IN NOT APPLYING THE STANDARD SET FORTH IN R.C. 3109.04(D) ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES FOR CARE OF CHILDREN; SHARED PARENTING PROVIDING THAT A PARENT SEEKING A CUSTODY MODIFICATION MUST PROVE A CHANGE OF CIRCUMSTANCES WITH THE CHILD OR THE RESIDENTIAL PARENT."
 I. {¶ 11} We must reject the Assignment of Error.
 {¶ 12} Revised Code § 3109.04(D) is primarily concerned with custody arising out of a divorce action and is inappropriate to the case sub judice.
 {¶ 13} An exhaustive review of such statutes and the applicable standards were discussed by this Court in Gorslene v. Hockstock (2001),2001 Ohio 1680, 2001 Ohio App. Lexis 4927. Such review also examined the rulings of the Ohio Supreme Court of In Re: Perales, 52 Ohio St.2d 89,Boyer v. Boyer, 46 Ohio St.2d 83, Clark v. Bayer (1877), 32 Ohio St. 299
and Masitto v. Masitto, 22 Ohio St.3d 63. Such review need not be repeated here. Suffice it to say that unsuitability of the parent must be determined rather than just placing reliance on the best interests of the child test.
 {¶ 14} Revised Code § 2151.23(A)(2) applies to custody considerations otherwise, such as between a parent and non parents.
 {¶ 15} In the original entry of custody to the grandparents, the trial court determined that such was in the best interests of the child. No finding was made as to unsuitability of appellee, Matthew Hollowell. No appeal was taken from such decision.
 {¶ 16} The judgment from which this appeal was taken clearly shows that the trial court accepted the factors now present in the father's life to be sufficient changes in circumstances to warrant reconsideration of custody. This would also be in conformity with the initial recommendation of the guardian ad litem which contemplated a temporary placement until sufficient parental maturity was achieved.
 {¶ 17} The trial court also, while not stated in the entry, was bound by the Constitutional imperatives requiring preference to the natural parent in the raising of the child absent unsuitability, abandonment or other serious factors affecting the best interests of the child. Quilloin v. Walcott (1978), 434 U.S. 246, Troxel v. Granville
(2002), 530 U.S. 57.
 {¶ 18} While not specifically stated, the Assignment of Error implies an abuse of discretion.
 {¶ 19} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 20} We find not only that the trial court appropriately considered the statutory requirements but also that no abuse of discretion occurred in the applicability thereof.
This cause is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Stark County Common Pleas Court, Juvenile Division is affirmed. Costs assessed to appellants.