OPINION
{¶ 1} The plaintiff-appellant, Miguel A. Jordan ("Miguel"), appeals the May 20, 2005, Judgment Entry of the Common Pleas Court of Hancock County, Ohio finding that the court lacked jurisdiction under R.C.3105.18(E) to modify the spousal support order because the original divorce decree allowed modifications only upon the occurrence of certain conditions not met in this case.
 {¶ 2} Miguel, and defendant-appellee, Nada G. Jordan ("Nada") were divorced under a final judgment entry of divorce on April 2, 2003. Prior to the final judgment entry, divorce hearings were conducted before the Magistrate on November 19, 2001, February 1, 2002, March 4, 2002 and March 25, 2002, and the Magistrate's Decision was filed on May 10, 2002. Objections and additional motions were prepared and filed by both parties. The trial court overruled the objections and adopted the Magistrate's Decision on February 18, 2003, issuing the final judgment entry of divorce on April 2, 2003. The divorce decree provided the following with respect to the amount and duration of spousal support:
Periodic Spousal Support: Plaintiff shall pay to Defendant, as and forspousal support, the sum of $6,000 per month. Said payments shall commenceas of May 14, 2002. Plaintiff shall make these payments to the Defendantfor the life of the Defendant. However, the Court shall retainjurisdiction to review this matter and modify the amount in the eventthat the occurrence of any of the following events: [1] after a period ofat least five (5) years from the date of the final decree has elapsed andthe Plaintiff's income is significantly reduced by the altering of hispractice to eliminate obstetrics; [2] upon the Defendant reaching the ageof 65; or [3] upon the disability of the Plaintiff such that he is unableto practice medicine on a full time basis. Plaintiff's spousal supportobligation shall cease in the event that the Defendant dies, remarries orbegins to cohabitate with a male who is not a member of her family. * **
 {¶ 3} Miguel filed his first appeal with the Third District Court of Appeals on April 29, 2003. He presented two assignments of error concerning the award of spousal support. The Court of Appeals affirmed the decision of the trial court as to the amount, duration, and conditions for modification of the spousal support award on December 29, 2003. Miguel then appealed the Court of Appeals decision to the Ohio Supreme Court on February 11, 2004; however, on May 26, 2004, the Ohio Supreme Court denied certiorari.
 {¶ 4} On November 5, 2004, Nada filed a Motion to Cite Miguel in Contempt, a Motion for Wage Assignment, and a Motion to Reduce Arrearages due on spousal support because Miguel had failed to pay the full amount of spousal support. In response, Miguel filed a Motion for Relief from Judgment or to Modify Order of Spousal Support pursuant to Civ. R. 60(B) and Civ.R. 75(J) on November 22, 2004. On January 6, 2005, Nada filed a Motion to Dismiss Miguel's Motion for Relief from Judgment or to Modify Order of Spousal Support. She also filed a Motion for Order Requiring Plaintiff to Post Bond and a Motion for Sanctions. On January 31, 2005, Miguel filed a Memorandum Contra to Defendant's Motion to Dismiss and his response to Nada's motions for sanctions and to post bond. Subsequently, Nada filed a Reply to Plaintiff's Memorandum Contra on February 7, 2005.
 {¶ 5} On February 8, 2005, the Magistrate denied Miguel's Motion for Relief from Judgment or to Modify Support, based specifically on the trial court's lack of jurisdiction and the inappropriateness of Civ.R. 60(B) relief. Miguel and Nada objected to the Magistrate's Decision. The trial court overruled the objections and affirmed the Magistrate's Decision in the May 24, 2005 and June 7, 2005 Judgment Entries.
 {¶ 6} On June 23, 2005, plaintiff-appellant filed a notice of appeal alleging the following assignments of error:
THE TRIAL COURT ERRED BY FINDING THAT IT HAD NO JURISDICTION TO MODIFYITS PREVIOUSLY ENTERED SPOUSAL SUPPORT ORDER UNDER R.C. 3105.18(E).
 THE TRIAL COURT ERRED BY FINDING THAT IT COULD NOT MODIFY OR VACATE ITSPREVIOUSLY ENTERED SPOUSAL SUPPORT ORDER UNDER CIV. R. 60(B)(4) OR60(B)(5).
 {¶ 7} Miguel argues that the trial court erred in finding that it did not have continuing jurisdiction to modify the spousal support in this case. First, he contends that the trial court should have jurisdiction to modify the spousal support pursuant to R.C. 3105.18(E). Second, he contends that the trial court should have jurisdiction to modify the spousal support pursuant to Civ.R. 60(B). Because these assignments are interrelated, we will address them together.
 {¶ 8} The authority of any trial court to modify a spousal support award after the issuance of the final divorce decree is governed by R.C.3105.18(E)(1). This statute states:
[i]f a continuing order for periodic payments of money as spousalsupport is entered in a divorce or dissolution of marriage action that isdetermined on or after January 1, 1991, the court that enters the decreeof divorce or dissolution of marriage does not have jurisdiction tomodify the amount or terms of the alimony or spousal support unless thecourt determines that the circumstances of either party have changed andunless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement ofthe parties to the divorce that is incorporated into the decree containsa provision specifically authorizing the court to modify the amount orterms of alimony or spousal support.
 (2) In the case of a dissolution of marriage, the separation agreementthat is approved by the court and incorporated into the decree contains aprovision specifically authorizing the court to modify the amount or termsof alimony or spousal support.
The Supreme Court of Ohio has indicated that in applying the statute any reservation of continuing jurisdiction must be expressly stated in the divorce decree in order for a trial court to properly consider any subsequent motion to modify. Kimble v. Kimble (2002), 97 Ohio St.3d 424.
 {¶ 9} In the case at hand, the decree of divorce filed on April 2, 2003 ordered that Miguel pay spousal support in the amount of six thousand dollars ($6,000.00) per month for life to Nada. The trial court retained jurisdiction over the issue of spousal support subject to the occurrence of certain conditions. Specifically, the trial court stated that it retained jurisdiction to review and modify spousal support in theevent that the occurrence of any of the following events: [1] after aperiod of at least five (5) years from the date of the final decree haselapsed and the Plaintiff's income is significantly reduced by hisaltering of his practice to eliminate obstetrics; [2] upon the Defendantreaching the age of 65; or [3] upon the disability of the Plaintiff suchthat he is unable to practice medicine on a full time basis.
Miguel's motion to modify the trial court's order of spousal support and his accompanying affidavit, did not allege any facts which constitute the specific conditions for which jurisdiction was retained by the trial court. Miguel claims that the spousal support awarded in the April 2, 2003 Decree of Divorce was no longer an equitable judgment due to the change in circumstances. Specifically, he alleges that due to recent increases in malpractice insurance and other factors, there has been a "drastic reduction in [his] income to the point where he has had to borrow on a line of credit to secure the funds necessary to pay the spousal support as ordered."
 {¶ 10} However, as noted earlier, R.C. 3105.18(E) states that a court that issues a periodic payment of spousal support order does not have jurisdiction to modify that order unless there is an unforeseen change in circumstances of the moving party and the decree of divorce contains a provision "specifically" authorizing the court to modify the prior order. In this case, the "specific" reservation of jurisdiction was limited to three instances and none of these instances were alleged by Miguel. In the absence of an express reservation of jurisdiction, a trial court has no authority to modify or terminate a spousal support order. R.C. 3105.18. Accordingly, we find that the trial court correctly determined that it did not have jurisdiction to modify its previously entered spousal support order under R.C. 3105.18(E) and the first assignment of error is overruled.
 {¶ 11} Miguel next argues that he should be afforded relief under Civ.R. 60(B) which provides an exclusive remedy for relief from judgment or order under two situations: (1) clerical mistakes, pursuant to Civ.R. 60(A), and (2) mistakes, inadvertences, excusable neglect, newly discovered evidence, and fraud, pursuant to Civ.R. 60(B). To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. The test is not fulfilled if any one of the requirements is not met. GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146,351 N.E.2d 113.
 {¶ 12} However, the Ohio Supreme Court has stated:
This case can be characterized as a choice between use of substantivelaw adopted by the General Assembly through R.C. 3105.18 and 3105.65, anduse of a procedural mechanism provided by this court under Civ.R.60(B)(4) and (5). We have consistently held that when the GeneralAssembly expresses its intent, procedural rules may `not abridge,enlarge, or modify any substantive right.' Section 5(B), Article IV ofthe Ohio Constitution; State v. Slatter (1981), 66 Ohio St.2d 452, 454,20 O.O.3d 383, 385, 423 N.E.2d 100, 102. The issue before us —modification of a periodic alimony award — falls within that body of lawtraditionally denominated as substantive, since the authority to grant ormodify an alimony award in a divorce proceeding is provided under R.C.3105.18. The standards or requirements established by the GeneralAssembly under this substantive law will control since the legislaturehas specifically provided, by statute, mechanisms for review andmodification of periodic sustenance alimony awards. In contrast, Civ.R.60(B)(4) is a procedural mechanism which allows parties to seek relieffrom judgments that are unmodifiable through substantive law. (Emphasisadded.)
 Crouser v. Crouser (1988), 39 Ohio St.3d 178-79.
 {¶ 13} In Crouser, a Decree of Divorce was issued in 1985 and the Plaintiff was awarded $100.00 per week for a period of two years. The Plaintiff appealed, alleging that the trial court abused its discretion by failing to award indefinite support. After the court of appeals affirmed the decision, the Plaintiff filed a motion to vacate the judgment, pursuant to Civ.R. 60(B)(4) and (5), alleging that her mental and emotional conditions had changed rendering the award inequitable. The trial court vacated the support award and the court of appeals held that "as a matter of law, . . . Civ. R. 60(B)(4) is inappropriate as a mechanism to reopen the alimony aspects of a previously granted divorce." The Ohio Supreme Court then affirmed the decision of the court of appeals.
 {¶ 14} Crouser was decided in 1985 prior to the recent amendments to R.C. 3105.18. In those amendments, the Ohio General Assembly expanded R.C. 3105.18 to provide a substantive remedy where there had been a change in circumstances, but only if jurisdiction was specifically retained by the court order. The Ohio General Assembly chose not to provide continuing jurisdiction subject only to a change in circumstances as they have done elsewhere in the code.
 {¶ 15} Civ.R. 60(B), on the other hand, is not to be used as a substitute for appeal nor is it designed to set aside judgments that have been initially fully and fairly litigated. Furthermore, "[t]o permit a collateral attack on such a judgment by using Civ.R. 60(B) would be to encourage neverending litigation." Crouser, 39 Ohio St.3d at 182. Thus, at the time of the Crouser decision, Civ.R. 60(B)(4) and (5) were not an appropriate means to reopen a spousal support case, even though R.C. 3105.18
did not specifically address the issue. Now that R.C. 3105.18
specifically provides a limited substantive remedy to modify a spousal support award, it appears that Civ.R. 60(B)(4) and (5) are even less applicable or appropriate.
 {¶ 16} Accordingly, we find that the trial court correctly found that it could not modify or vacate its previously entered spousal support order under Civ.R. 60(B)(4) or 60(B)(5). The second assignment of error is overruled and the judgment of the Common Pleas Court of Hancock County, Ohio is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Rogers, J., concur.